Pedro Reyes, AB-8237
(Name)
Centinela Desert Institute - D3-141
P.O. Box 931, 2302 Brown Road
(Address)
Imperial, CA 92251
(City, State, Zip)
CDCR# AB-8237
(CDCR / Booking / BOP No.)

```
FILED

JAN 11 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY
```

```
2254        1983
FILING FEE PAID
Yes         No
IFP MOTION FILED
Yes         No
COPIES SENT TO
Court      ProSe
```

# United States District Court
## Southern District of California

PEDRO REYES,
(Enter full name of plaintiff in this action.)

        Plaintiff,

v.

Gov. Edmund G. Brown Jr.,
Warden Ray Madden,
Dr. Rogelio Ortega,

(Enter full name of each defendant in this action.)

        Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

16CV0084 JLSBLM

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, PEDRO REYES,
(print Plaintiff's name)

A Prisoner, who presently resides at Centinela Desert Institute
(mailing address or place of confinement)

P.O. Box 931, 2302 Brown Road, Imperial, CA 92251, were violated by the actions of

the below named individuals. The actions were directed against Plaintiff at Centinela

Desert Institute on (dates) 12/2014 -03-11-2015, and 03-11-2015.
(institution/place where violation occurred)    (Count 1)   (Count 2)   (Count 3)

§ 1983 SD Form
(Rev. 8/15)

Defendant Gov. Edmund G. Brown Jr     7     resides in Sacramento, CALIFORNIA
(name)                                              (County of residence)
and is employed as a Governor For State of California          . This defendant is sued in
(defendant's position/title (if any))

his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Count-1: Made & Carried out a policy or Practice to allow Dangerous
Conditions at Centinela Prison to Go Uncorrected. Count-2: Made a Policy and a practice which
Prison Doctors (Dr. Rogelio Ortega) followed to minimize prisoner/patient request for medical
services or treatment to deprive inmates of medical care with deliberate indifference to save
the State of California money and to reduce medical cost for patient care. Count-3:Deprived the
Plaintiff of Medical care & minimized injuries with deliberate indifference to patient needs

Defendant Dr. Rogelio Ortega          resides in Imperial, CALIFORNIA
(name)                                              (County of residence)
and is employed as a Doctor at Centinela Desert Institute       . This defendant is sued in
(defendant's position/title (if any))

his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Count-2: Following the policy and established practice of minimizing prisoner
/patient medical complaints, requests for medical services and treatment to
both deprive the patient of necessary medical care/treatment with deliberate indifference to the
prisoner/patient medical needs or pain and suffering, or deny him necessary medical care with
deliberate indifference to the prisoner/patient's severe pain and medical needs to save the State
cost on medical care. Count-3: With Deliberate indifference to severe pain and obvious medical
needs did deny and deprive prisoner of necessary medical care, pain meds and treatment for 3 months.

Defendant Ray Madden, Warden          resides in Imperial, CALIFORNIA
(name)                                              (County of residence)
and is employed as a Warden, Centinela Desert Institute       . This defendant is sued in
(defendant's position/title (if any))

his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Count-1: Carried out, and Made a policy and Practice to allow dangerous
conditions at Centinela Desert Institute to remain and go uncorrected.
Count-2: Carried out, Made a policy and a practice for prison doctors such as (Dr. Rogelio Ortega)
to follow to minimize prisoner requests for medicalservices/treatment to deprive inmates of medical
care with deliberate indifference to need and pain and suffering to save the State of California
money, and to reduce medical costs for patient care. Count-3: With Deliberate indifference tosevere
pain and obvious medical need did deny and deprive prisoner of necessary medical care, pain meds
and necessary treatment for 3 months.

Defendant                            resides in
(name)                                              (County of residence)
and is employed as a                          . This defendant is sued in
(defendant's position/title (if any))

his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Right to Decent Conditions In Prison Violated 8th & 14th U.S Const. Amends.                    (E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

1. I am a prisoner, and I was transferred from Calipatria Prison to Centinela Desert Institute, D -Yard in December-2014. To Move about the D-Yard prison facility, we must walk upon the Track/ Walk path to move about the facility, to go to and from both morning and evening chow call. To walk, run, jog as in the form of exercising, we are required to do so only on the track by the prison custody staff.

2. The Prison D-Yard Track is in a severe state of decay and deterioration. Walking on the track is like walking on sharp jagged rocks. The track also has rocks that protrude out of the asphalt which if you **step on** such a protruding rock, this causes you to lose your balance. It can also cause you to fall. Stepping on such a protrusion while walking, jogging, or running, will cause you to fall on to the jagged asphalt. Falling upon the track with it's jagged rocky surface will cause great injury to your hands, knees, and face should you make contact with the surface. The Track/walk path also have areas that have indentations into the asphalt that is like a steep dip in a road that also cause you to trip and fall **should** you step into such an indentation.

3. On March 11, 2015, in the morning yard I while jogging upon the D-yard track stepped on a protruding rock and also a indentation in the asphalt which caused me to fall onto the jagged asphalt surface striking my head and neck. I also from the fall received severe cuts and scrapes to my hands, knees, and face. In colliding with the jagged asphalt surface, I did lose consciousness. While being carried to Medical by two inmates as prison staff refused to respond I regained consciousness and was then seen by D-Yard Medical nurses.(See Exhibit-1 at EXHIBITS), (see Also Exhibit-5 at p.*52 - 60* : And Exhibit- 6, at pg.*61 - 63*; Also Exhibit-7 at p.*65-175*)(See Also Count 2 & 3 Herein.)

4. On 03-31-2015, I submitted my "Inmate Appeal CDCR 602 Form"(see EXH. at Exhibit- 1, **at** p.*10* ; Also Exhibit-2 at p. *18 -28*) making my contentions known as to the "Dangerous living **condition** that I am being exposed to still presently which is the D-Yard Track/Walk path. It was on April 6, 2015 that the appeal interviewer ["D. Pena, Supervisor of Building Trades"] informed me that a "Special repair project had been initiated to Sacramento Headquarters, and he was awaiting a final determination regarding funding for the repair of the Facility D asphalt track." I was told the Governor was to okay the repair and had not yet signed it. I received the written summary of the 04-06-2015 interview signed by the ["Dennis Brown, Associate Warden- Business Services"] on 04-08-2015 when it was delivered to me on 04-13-2015. I then appealed the first level review on 05-05-2015.(EXH-2, at p. *23* .) On May 27, 2015, ["Armando Favila, Chief Deputy Warden"] simply renewed the findings made at First level review.(EXH-2 at p.*25*.) On 05-27-2015, I received the Second Level Review findings. Dissatisfied, I again did appeal to the Third level review. On 06-07-2015, I did place into the Prison mailbox for to be mailed to ["Chief Inmate Appeals Branch."](EXH-2, at p.*26*.) On August 17, 2015, the date on the Third level review findings, which my appeal was denied. The decision was mailed to me on 08-27-2015.(See Exhibit-2 at p. *18* to *28* .)

5. To Support this Plaintiff's burden, Both **an evid**entiary hearing with the appointment of counsel and an Order for discovery must be provided to obtain legally relevant documents from the State of California, Centinela Desert Institute, and Office of the Governor of California as to make the determination when was the "Special repair Project" initiated? When was the Dangerous condition first known by the Governor's office, The Centinela Desert Institute Wardens office, and CDCR Headquarters?

(Continued

CONTINUATION TO CAUSES OF ACTION

"RIGHT TO DECENT CONDITIONS IN PRISON VIOLATED"
[Con't From Petition Pg. 3]

## COUNT 1:

A LIFE WITHOUT PAROLE PRISONER's RIGHT TO DECENT
CONDITIONS IN PRISON WAS VIOLATED WHEN HE WAS EXPOSED
TO A KNOWN DANGEROUS CONDITION (Delta Yard Track/Walk Path)
WHICH RESULTED IN THE PRISONER BEING SEVERELY INJURED
AND RECEIVING LIFE CHANGING INJURIES. THIS VIOLATED THE
PRISONER's RIGHT TO DECENT, SAFE, AND HUMANE CONDITIONS
IN PRISON, AS GUARANTEED BY THE 8Th and 14Th **AMENDS TO**
THE U.S. CONST.(Farmer v. Brennan(1994)511 US 825, 831-
832, 128 L.Ed.2d 811, 812-815; Morgan v. Morgensen,465
F.3d 1041, 1045(9th Cir. 2006); Rhodes v. Chapman(1981)
452 US 337, 347)

SUPPORTING FACTS:
[Con't From Petition Pg. 3]

6.  Prisoner asserts that Governor Edmund G. Brown Jr. Brown , Governor of
the State of California acting while in his "Official" and "Individual" capacity
acting under the color of authority of California State Law did (1)Learn of
the "unsafe" and "dangerous prison condition" and failed to do anything to fix
the situation; (2)Learned of the violation of the prison condition and failed
to correct the violation with deliberate indifference to this plaintiff's
civil rights; (3) Created a policy, implementing a practice to delay the repair
of known "Unsafe" and "Dangerous Condition" with deliberate indifference to
this plaintiff's civil rights and personal safety; (4)Created a policy and
**Custom** instructing his subordinates to delay or utterly disregard the repair
of unsafe and dangerous conditions existing at Centinela Desert Institute, Delta
Yard and be diliberately indifferent to their civil rights or personal safety.

7.  Prisoner asserts that Ray Madden, WARDEN of Centinela Desert Institute
while in his "official" and "individual" **capacity while** acting under the color
of authority of California State Law did: (1)Know of the "unsafe" and "Dangerous"
Condition" **of** the Delta Yard Track/Walk Path and was deliberately indifferent
to this inmates civil rights and personal safety willfully failed to correct
the situation; (2)CReated a policy and custom, implementing the practice of
delaying the repair of "Unsafe" and "Dangerous Conditions" with the deliberate
indifference to the civil rights and personal safety of this prisoner; (3)Knowingly
with deliberate indifference to Plaintiff's safety exposed plaintiff to an unsafe

-4-

Prison Condition ( I.e., Delta Yard Track/Walk path) and failed to correct the situation; (4) Created a policy and custom instructing his subordinates to delay or utterly disregard the repair of "Unsafe" and "Dangerous Conditions" existing at Delta Yard Centinela Desert Institute to save money with deliberate indifference to the plaintiff's civil Rights and personal safety.

8.    The Governor Jerry Brown, Ray Madden, Warden of Centinela Desert Institute, their subordinates were knowing of the "Unsafe" and"Dangerious prison Condition" (I.e. Delta Yard Track/Walk Path) they failed to repair of fix the situation, they willfully with deliberate indifference to my safety and civil rights subjected this plaintiff prisoner to unsafe and dangerous prison condition which violated this plaintiff's rights under the 8th and 14th Amendments to the U.S. Constitution.(see Farmer v. Brennan(1994)511 US 825, 831-832, 128 L.Ed.2d 811, 812-815; Rhodes v. Chapman(1981)452 US 337; 347; Morgan v. Morgensen,465 F.3d 1041, 1045(9th Cir. 2006)) from the date of December-2014 to Present(Date of Filing stamp by Federal Court Clerk.)

9.    The Governor Jerry Brown and The Warden of Centinela Desert Institute Ray Madden were aware of the Unsafe Prison Condition well before this plaintiff /prisoner arrived to D-Yard Centinela Desert Institute. Their Subordinates were aware also of the unsafe dangerous prison condition. If not, they were aware when this prisoner filed his inmate 602 reporting the dangerous condition. Yet, all persons responsible and overseeing this plaintiff/prisoner care and housing still failed to fix the situation, or take necessary to prevent this plaintiff and other inmates from being subjected to the unsafe dangerous condition and failed to fix the track/walk path on delta yard correctly and completely.(see Exhibits at Exhibit-2.); See also(Exhibit-1 at p. 10 .)see also Exhibit-2 , at p. 18 to 26 .)

10.    For this prisoner/plaintiff's injuries which resulted in a permanante life changing implantation of a metal rod in his spine and the constant pain and suffer from the physical pain associated with the injury and the lack of medical care for over 3-months, this plaintiff seeks 10-million dollars for his pain and sufferring, physical and emotional pain and sufferring. from the date of plaintiff's arrival at Centinela, he ha sbeen subjected to this known dangerous condition. This court must walk the D-Yard track along with the jury so that they may be able to make full and factual determinations as to this claim.

-5-

11.   Petitioner prisoner asserts that the prison failed to warn of, or in any manner post warning signs as to the dangerious condition.

12.   This prisoner asserts that the 8Th Amend. to the US Constitution protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.(Farmer v. Brennan,511 US 825) Morgan v. Morgensen, 465 F.3d 1041, 1045(9Th Cir. 2006) thus, No matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.(see Johnson v. Lewis,217 F.3d 726, 731(9th Cir. 2000) To establish an Eighth Amend. violation, this prisoner must show that officials acted with deliberate indifference.(Labatad v. Corrections Corp of America, 714 F.3d 1155, 2013 WL 1811273,*4(9th Cir. 05-01-2013), (citing Gibson v. County of Washoe, 290F.3d 1175, 1187(9th Cir.2002) The deliberate indifference standard involves both an objective and a subjective prong.(First the alleged deprivation must be, in objective terms, "sufficiently serious.")Farmer, Supra at 511 US at 834) Second, Subjectively, the prison official must "know of and Disregard an excessive risk to inmates health or safety."(Farmer, Supra, 511 US at 837; see also Anderson v. County of Kern, 45 F.3d 1310, 1313(9th Cir. 1995.)

13.   The day that this prisoner got injuried, and reported to D-Yard m medical staff that he fell, was knocked unconscious, and received injuries on 03-11-2015, The prison was on notice.  This prisoner asserts that he was not the first to fall or to receive serious injuries. This yard at Centinela Desert institute has been open since 2013. Thus the prison officials have been aware of this dangerous condition. Yet they failed to post any warning signs, they failed to close off the track to inmate and prison staff use, and failed to take any steps to prevent further harm to inmates that are forced to walk the track going to and from the dining chow hall.

14.   The Centinela Desert Institute, delta yard track is in severe deterioration. The asphalt is jagged and sharp rock peotrude out of the asphalt. walking is very difficult and the rocks cut through the soles of the shoes.  If a person were to fall, they would receive very severe cuts and other abrasions to any portions of their body that may come into contact with the jagged asphalt. Thus the prison officials and their supervisor Jerry Brown all failed to act to prevent harm to this prisoner. They with deliberate indifference subjected me a prisoner to an unsafe track and to a known dangerous condition.

-6-

∿AO 72
(Rev. 8/82)

15.    Thus, this prisoner plaintiff asserts that his rights under the 8Th and 14Th amendments to the U.S. Constitution were violated when he was knowingly subjected to a known unsafe and dangerous prison condition that did harm him, and cause to him significant harm and injury. Thereby he was subjected to cruel and unusual punishment.(Farmervv Brennan, 511 US 825, 832-837) as the prison staff and the governor knowingly inflicted unnecessary and wanton infliction of pain by forcing inmates to walk along the track each and every day to go to anf from chow at the morning and evening chow call.(See Exhibit-1. AT P. 1 to 17 oF EXHibiTs.

-7-

Count 2:  The following civil right has been violated: <u>DEPRIVED OF RIGHT TO MEDICAL CARE</u>

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name,* did to violate the right alleged in Count 2.]

1.  On March 11, 2015, while being exposed to a known "Unsafe" and Dangerous prison conditon while housed at Centinela Desert Institute, Facility Delta Yard, during the 2Nd Watch Morning Yard, I tripped on the Unsafe Delta Yard Track/Walk Path. I fell stricking my head and shoulder. I sustained severe cuts and abrasions to my hands and knees. The fall from **tripping** on the jagged rocks protruding out from the asphalt caused me to strike my head. The impact with the asphalt pavement caused me to lose son  consciousness for about 2 to 3 minutes.

2.  The Corrections officer supervising the delta yard did not assist me. The Facility Yard area is monitored by Video Recording cameras. There were about 5 to 7 officers just sitting on benches when I fell. The Video recrding of this day will depict and support that the supervising yard officers "Did Not Render Any Aid or Assistence " to me.

3.  Three inmates who observed me to trip and fall helped me. (See Exhibits at ExH.-5m at p.53, to 60 .) The inmates who helped me and carried me to the Delta Yard Medical Clinic were: ["Rey Murillo"], ["Ricardo Salazar"], ["Albert Cruz Rodriguez"] They have provided declarations in the support of this petition. They will testify if so called to do so.

4.  When the inmate assistants carried me to the D-Yard clinic, the officer on duty working the medical yard clinic told them to put me in the chair. The nurse on duty asked me if I got into a fight, I told her no. I told her that my neck hurt alot. She told me to not be a baby. I asked to see a doctor. They cleaned up the cuts and abrasions to my hands knees and face.

5.  I recall the nurses that worked that day as being Nurse Pacheco, and the other being a African american **woman**. On this day 03-11-2015 the nurses only cleaned my wounds. They than let me speak to the RN known as nurse Beltran. He gave me some Ibuprofen 600mg. I told him that I was in alot of pain in my neck and head. He told me that with these pills the pain and swelling will go down. I asked to see a doctor. I was told that I will have to put in a medical request later. I was then sent back to my cell.

6.  My injuries became very painful in my neck and back. The pain became worse each day, and when I tried to move. It was painful to just walk or laydown. The pain was concentrated in my neck Right side and back by my shoulder.

7.  On 03-16-2015, I could not take the pain, and the 600 mg. of Ibuprofen was Not working. I than put in a Request for medical form to see a doctor.  I was called a few days later. (see Medical File for Date) I was seen by Doctor Rogelio Ortega. I told him that I was in alot of pain. He told me I was fine, and to stop making the pain sound worse. I told him I was weak and had alot of pain in my neck and right side. He told me it was from the fall and would go away. I **told** him the pills were not working. He told me that we were going to wait to see how I felt in a few days.  He said That I would be called for X-Rays.  I was not ever called for over 3 months.

8.  From 03-11-2015 to the date of 06-25-2015, I was deprived of adequate

Count 3:  The following civil right has been violated: To Be free From Cruel & Unusual Punishment

(E.g., right to medical care, access to courts,

(see P. 15. *This Petition*)

CONTINUATION TO CAUSES OF ACTION

"DEPRIVED OF RIGHT TO MEDICAL CARE"
[Con't From Petition Pg. 4]

COUNT 2:

A LIFE WITHOUT PAROLE PRISONER'S RIGHT TO MEDICAL
CARE AS GUARANTEED BY THE EIGHTH AMENDMENT TO U.S.
CONSTITUTION WAS VIOLATED BY DOCTOR[ROGELIO ORTEGA];
[GOV. JERRY BROWN]; AND [RAY MADDEN, WARDEN]. WITH
"Deliberate Indifference TO THE PLAINTIFF's REPORTED
AND OBVIOUS PAIN AND SUFFERING DEPRIVED THE PLAINTIFF
OF EFFECTIVE "PAIN MEDICATION, DEPRIVED THE PLAINTIFF
OF NECESSARY X-RAYS THAT WERE NECESSARY TO MAKE MEDICAL
FINDINGS TO DETERMINE THE EXTENT OF THE INJURIES. THE
DEPRIVATION OF PROPER MEDICAL TREATMENT WAS PURSUANT
TO A "POLICY, CUSTOM AND PRACTICE IMPLEMENTED BY BOTH
GOVERNOR JERRY BROWN AND CENTINELA DESERT INSTITUTE'S
WARDEN RAY MADDEN TO SAVE THE STATE AND PRISON COSTS
AT THE EXPENSE OF PRISONER"S MEDICAL NEEDS AND WITH
THE DELIBERATE INDIFFERENCE TO THE PRISONER'S PAIN
AND SUFFERING."(see Estelle v. Gamble(1976)429 US 97,
103; Jett v. Penner, 439 F.3d 1091, 1096(9th Cir.2006);
Farmer v. Brennan(1995)511 US 825, 842; Lopez v. Smith
203 F.3d 1122(9th Cir. 2000)

SUPPORTING FACTS CON'T
[Con't From Petition Pg. 4]

medical care for a obvious serious medical need. I had a broken neck. Dr.

Rogelio Ortega pursuant to a Policy, Custom, and Practice implemented by both

Governor Jerry Brown and Centinela Desert Institute Warden Ray Madden, the

"Respondents Supeiors to save the State of California Cost in medical care. The

doctor minimized my injuries, telling me that I would get better. He refused

to give me any other pain medication other than the Ibuprofen 600 Mg. which was

not sufficient to ease my pain and suffering from my brokken neck. No x-rays

of my neck, or shoulder were down for almost 3 months. I told Dr. Ortega I was

in pain. He said the X-Rays were negative and I was faking.(EXH. AT EXH-7 AT 65-175)

9.   I than filed a Inmate 602 to see another doctor. I saw many doctors.

I told them that Iwas in severe pain. They refused to give me any other type

of pain medication, and pursuant to the practice by Centinela prison medical

staff they delayed, delayed, and denied my request for medical.(See Exhibits at

-4-

EXH-3 at p. 30 to 37 .)The investigation of my medical complaint against Doctor
Ortega was handled by Dr. Ortega himself..All of my reported complaints as to
his deliberate denial of adequate medical care of my obvious and serious medical
need were minimized by him as the reporting and investigating doctor of a
complaint against him. (See Exhibits at EXH-1, at P. 2 to 17.

10.   On June 21, 2015, thereeabouts, I was finally given a MRI. After more
than three months my broken neck was acknowledged to exist by prison staff. I
was than rushed to Desert Regional Medical Center. My Attending Doctor was
Doctor Blake W. Berman DO. In the discharge summary after the emergency surgery
was preformed to prevent possible paralysis from my neck down. Dr. Berman in
his report acknowledge that I had a Cervidal injury, and my neck pain "Was not
worked up." I had to undergo a emergency surgery. Three months over due.(see
Exhibits at Exh-6, at pg. 62 to 63.)(See Also Exh-1 at p. 2 to 17.) The
entire three months, the Dr. Ortega was telling me that it was just brusing
and it will go away, and that I was faking my pain to get pills. I have not
ever faked pain, nor has it ever been documented that I faked any illness to
acquire pills.

11.   Depositions must take place by way of an Evidentiary hearing, along
with the appointment of counsel to this plaintiff to obtain the discovery and
to facilitate the act of depositions. of the witnesses Dr. Rogelio Ortega,
Governor Jerry Brown, and Warden Ray Madden.

12.   Governor Jerry Brown, in his official and individual capcity while
acting under the color of authority of California did make a policy and practice
instructing prison doctors at Centinela Desert Institute including Dr. Rogelio
Ortega and his subordinates to "minimize prisoner/patient request for medical
services and treatment to deprive inmates of medical care with deliberate
indifference to their pain or serious medical needs to cut medical costs and to
save the State of California Money on prisoner patient care. Governor Jerry
Brown also using his position and color of Authority did instruct Dr. Ortega to
minimize this plaintiff's medical injuries in an effort to be deliberately
indifferent to the prisoner's pain and suffering and serious medical needs.

13.   Ray Madden, WARDEN of Centinela Desert Institute, made a policy and a
practice for the Doctors and subordinate medical staff including Dr. Rogelio
Ortega to minimize prisoner medical needs and or request for medical services,
medications, or treatment to save the Prison Money, and to Save the State of

-10-

California money for medical costs with the deliberate indifference to the p prisoner's severe pain, or serious medical needs. All to reduce cost for the medical treatment of prisoner's.

14.    Doctor Rogelio Ortega, following the policy and established practice of minimizing prisoner/patient medical complaints to deny medicine and other medical services, to deny prisoner request for treatment and referral to other medical specialists, to minimize, or utterly deny with the deliberate indifference to the prisoner severe pain and suffering and with deliberate indifference to the prisoners sever medical condition did deny necessary and adequate medical care to save the state of california costs for medical care at the expense and overall health to the prisoner. Did also deprive and deny the plaintiff Pedro Reyes with deliberate indifference to his severe pain and suffering necessary medical aid and services and referral to other specialists necessary to treat and diagnose the prisoner's medical condition. Was willful and did knowingly inflict the wanton and cruel punishment upon the plaintiff when he deprived the prisoner/plaintiff of adequate medical care for over 3-months.

15.    Governor Jerry Brown, Warden Ray Madden, and Doctor Rogelio Ortega acting in their Official and individual capacity under the color of authority of California state law did violate this prisoner right to adequate medical care in violations of his rights under the 8th and 14th Amendments to the U.S. Const.

16.    In order to state a 1983 claim for violation of the 8th amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."(See Estelle v. Gamble(1976)429 US 97, 106, 97 S Ct 285, 50 L.Ed.2d 251) To prevail, the plaintiff must show both that his medical needs were "objectively Serious" and that defendants possessed a sufficiently culpable state of mind. (Wilson v. Seiter(1991)501 US 294, 299, 111 S Ct 2321, 115 L.Ed.2d 271; McKinney v. Anderson, 959 F.2d 853(9th Cir. 1992)(on Remand) "The requisite state of mind for a medical claim is "deliberate indifference."(Hudson v. McMillian(1992)503 US 1, 5, 112 S Ct 995; Wilhelm v. Rotman,680 F.3d 1113, 1122(9th Cir.2012) (quoting Jett v. Penner, 439 F.3d 1091, 1096(9th Cir. 2006)

-11-

17.    A serious medical need exists if the failure to treat a prisoners condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoners has a serious need for medical treatment are the following: 1) The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; 2) the pressence of a medical condition that significantly affects an individuals daily activities; 3) or the existence of "Chronic and Substantial Pain"(See e.g Wood v. Housewright, 900 F.2d 1332, 1337-13341(9th Cir.1990) (Citing Cases), Hunt v. Dental Department,865 F.2d 198, 200-201(9th Cir. 1989); McGuckin v. Smith, 974 F.2d 1050, 1059-1060(9th Cir. 1992); Smith v. Rodriguez (12-22-2014)2014 US Dist. Lexis 177092.)

18.    Deliberate indifference requires 1)A purposeful act and failure to respond to a prisoners pain or possible medical need; and 2) Harm caused by the indifference(Wilhelm, 680 F.3d at 1122(quoting Jett, 493 F.3d at 1096) more generally, deliberate indifference may appear when prison officials "deny, delay, or intentionally interfere with medical treatment," or it may be shown by the way in which prison doctors provide medical care.(Under Jett, Supra, "a prisoner need not show his harm was substantial."(See McGuckin, 974 F.2d at 1060,["A finding that the defendants activities resulted in "substantial harm to the prisoner is not necessary."]))

19.    In this instant, this prisoner fell. He received injuries, and r reported severe pain. The Delta yard medical staff ignored the fact that the patient had been unconscious for 2 to 3 minutes. Ignored the reported pain, severe pain in the patients neck and shoulder opting only to give him only ibuprofen 600 Mg. (see Medical file from 03-11-2015 to present date. ) Told the pateient that the pain would go away, yet failed to follow proper protocal for head injuries and to save costs opted to not do any x-rays until the inmate filed a inmate 602 and reported that he was suffering from more severe pain than before.  Prison staff took x-rays and reported that "No injuries existed". It was until three months later that a MRI was done at a outside hospital and the results reviewed by adequately trained medical staff who determined that the plaintiff neckwas in fact broken. The plaintiff reported his pain to Dr. Ortega. the Doctor minimized the complaints telling the inmate it would go away. For three months the plaintiff was deprived of any other pain medication because Dr. Ortega believed the plaintiff to be faking.(EXH. AT EXH-7 AT 64 to 175)

-12-

20.   In the support of this complaint, this prisoner has attached a declaration in the support of these facts. Dr. Ortega was deliberately with Malice indifferent to this prisoners serious pain, and serious medical need. Thus, this prisoner was deprived of his right to adequate medical care as is guaranteed by the 8th and 14th Amendments to the U.S.Constitution. The denial of his right to adequate medical care was a form of cruel and unusual punishment for this prisoner serving a life without parole term.

21.   I suffered more harm, and a severe injury that resulted in the preforming of emergency surgery on my neck, the hospital having to implant a rod permanately in my neck, my suffering severe pain for over three months all because Dr. Ortega to save the state cost on my medical care pursuant to a policy and phractice implemented by Governor Jerry Brown and Ray Madden to save costs on the medical care that prisoners receive, at the expense of their health and safety. Dr. Ortega knew I had a broken neck, He hoped that it would go away to save the state of california money on my medical care. The doctors at the other hospitals found the injury easy. Yet for three months I was told no in injuries existed.

22.   The doctor [Dr. Blake W. Berman]in his report at Desert Regional Medical Center stated ["Patient suffered a Cervical injury, and his neck pain was not worked up for over 3 months..."](See Exhibits at EXH-6, at p.62 to 63 ) Thereby the evidence is in the record. of my medical files.(EXH-7 AT 64 to 175)

23.   I than filed a Inmate appeal.to fully exhaust my prison remedies as to the 8th amendment violation of my being deprived of adequate medical care. and that Dr. Ortega was deliberately indifferent to my severe pain and serious medical need. (see Exhibits at EXH- 3, at p.30 to 37 .) He never looked at any of the X-rays or other tests. Had he he would have treated me, rather than telling me I was faking, and my pain would go away.  The Prison inmatu 602 appeals were denied at all three levels.  Thus all of my state administrative exhaustion requirements were met.

24.   Governor Jerry Brown, violated my 8th and 14th amendment rights under the U.S Constitution, depriving me of adequate medical care with deliberate indifference to my severe pain and serious medical need, when he made a policy implemented a practice which prison doctors (Dr. Rogelio Ortega) followed to minimize prisoner requests for medical services/ treatment to deprive inmates such as this plaintiff of medical care in order to save the state of california

-13-

money on medical costs for prisoner care.

25.    Ray Madden, Warden of Centinela Desert Institute, violated my 8th and 14th Amendment Rights under the U.S. Constitution, depriving me of adequte medical care with deliberate indifference to my severe pain and serious medical needs, when he: Followed and carried out a policy made by the Governor of the State of California. Made a policy, custom and practice here at Centinela Prison instructing the Doctors that were under his authority such as Dr. Rogelio Ortega to follow which was to minimize prisoner requests for medical services/ treatment to deprive inmates of necessary medical care with deliberate indifference to their pain and serious medical needs to save the State of California money on medical costs, and to reduce cost for prisoner medical care.

26. Dr. Rogelio Ortega, Doctor at Centinela Desert Institute, Delta Yard Violated my 8th and 14th Amendments rights guaranteed under the U.S. Constitution depriving me of adequate medical care with deliberate indifference to my severe pain and serious medical needs when he: Willfully **followed the plan** and established practice implemented by Gopvernor Jerry Brown, and Ray Madden Warden of Centinela Desert Institute  to which Dr. Ortega was to minimize prisoner medical complaints, requests for medical services and treatment to deprive the patient of necessary medical care/treatment with deliberate indifference to the prisoners severe **pain** or serious medical needs. Denied the prisoner of necessary medical care with deliberate indifference to the prisoner's sever pain or obvious serious medical needs to save the State of California Costs on medical care for prisoners, specifically this plaintiff was deprived of adequate pain medication for over three months, deprived of adequate medical care that any lay person would recognize that the pain and suffering was abnormal and other medical test and procedures had to be done STAT.

27.    This prisoner/plaintiff requires the appointment of an attorney to facilitate the discovery process, and to depose the defendnats and other persons that may have knowledge/information that is legally relevant to this case and to the proceedings as to the obtaining of justice for the plaintiff. Without the appointment of such counsel, this prisoner/plaintiff will be at hardship to represent himself from behind the prison walls as the defendants have the power to create hardships for this litigant.

-14-

Count 3: The following Civil Right Was Violated: Freedom from Cruel and Unusual Punishment
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your
own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by
name*, did to violate the right alleged in Count 3.]

1. From 03-11-2015 to Present date, (Filing of Complaint) I was subjected to Cruel and Unusual
punishment each day and evening, and when I am allowed to receive yard time each day 7-days a
week. The Centinela Desert Institute Prison, Delta Yard Track is in a state of severe disrepair
deterioration. Each day seven days a week in the morning and evening chow hall release, I am
forced to walk upon this track to get to the D-Yard dining hall. To participate in outside
yard time for exercise or recreational purposes, I am forced to walk on the track. This track
causes serious and harmful physical injuries which are known by the prison officials to be a
dangerous prison condition. (see Count 1:, herein at pg. 3 to 7.) Thereby, I was subjected to
a known dangerous condition of confinment which violated my rights under the 8th and 14th
Amendments to the U.S. Constitution.

2. From 03-11-2015 to June 25, 2015, I was subjected to Cruel and Unusual punishment at the hands
of Dr. Rogelio Ortega, a Centinela Desert Institute Doctor at Delta Yard Medical. On 03-11-15
I fell, was knocked unconscious. Prison Corrections officers refused to render aid. The
Video tape of the yard security camera will supportthat point. Three other inmates had to
carry me to delta yard medical. I was only able to see a nurse and a RN Nurse. I was only
cleaned up from the cuts and severe abrasions that I received from the fall. My neck and shoulder
pain was minimized by medical staff, tell me that it would go away. I told them that my neck
and shoulder were in great pain. I was only give 600 mg. of Ibuprofen. That did not work to
ease my severe pain. I kept reporting to medical staff that I was in pain, and that the pain
to my neck shoulders and arms was getting worse. Dr. Rogelio Ortega told me It would go away,
and that it was from the fall. He also told me I was faking trying to get pain meds. I have
not ever done that. I had to file a inmate appeal to see another doctor as they kept (Dr.
Rogelio Ortega) telling me it would go away and I did not need any other pain medication. I
kept telling Dr. Ortega I was in severe pain. he refused to give me any other medication, and
that I would have X-Rays taken . The X-rays said nothing was wrong, because they were misread, or
not my x-rays. I asked to see a specialist, and Dr. Ortega told me I did not need to see any
other doctor. For over three months, I was deprived of adequate medical care, and was deprived
of pain medication with deliberate indifferencve to my severe pain and obvious medical issue.
I had a broken neck for three months. the only doctors to make that determination were the non-
prison staff doctors at Pioneer Hospital, and Desert Regional Medical Center.(see Exhibit-6
at p. 61 to 63.)(see Count 2: at pg. 8 to 14.)

3. From 03-11-2015 to June 25, 2015, Dr. Rogelio Ortega was deliberately indifferent to my severe
pain and serious medical need when he withheld pain medication necessary to alleviaate the
severe pain and discomfort associated with a broken neck. He was deliberately indifferent to
my requests  for pain medication seeking pain medication stronger than 600 mg. of Ibuprofen to
ease my pain and discomfort. Inflicted Cruelaand unusual punishment upon me by depriving me
of adequate medical care and treatment for my broken neck, telling me it would get better.
Dr. Rogelio Ortega inflicted Cruel and unusual punishment upon me when he with deliberate
indifference to my severe pain, and obvious medical needs did deny and deprive me a prisoner
of necessary medical care, pain meds and necessary treatment for over three months while I
suffered with a broken neck.

4. From 03-11 to June 25, 2015, Governor Jerry Brown, Governor of State of California did inflict
cruel and unusual punishment upon me when he deprived me of adequate medival care by implementing
a policy and practice to allow dangerous conditions at Centinela Desert Institute Delta-Yard to
go uncorrected, instructing prison officials to not make repairs to save the state costs; He
also made a policy instructing prison doctors at Centinela such Dr.,Rogelio Ortega  to follow
to minimize prisoner/patient requests for medical services/treatment to deprive inmates of
necessary medical care to save the State of California money and to reduce cost of prisoner
medical care, Thus Dr. Ortega deprived this prisoner of adequate medical at the order of the
Governor Jerry Brown, as Dr. Ortega is a subordinate to the Governor.

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts
involved in this case? ☐ Yes ☒ No.

5.    From 03-11-2015 to June 25, 2015, I was inflicted cruel and unusual punishment by Ray Madden, Warden of Centinela Desert Institute when he pursuant to a policy, custom, and practice implemented by the Governor of the state of California did follow by implementing a policy and practice instructing his su7bordinate staff, speciffically the prison doctors such as Dr. Ropgelio Ortega to minimize patient injuries, request for medical services/treatment, or deny such reqwests completely to save the prison and the State of California money on inmate medical costs.  Ray Madden, further inflicted cruel and unusual punishment upon me a prisoner when he followed a policy devised by the Governor Jerry Brown to save the State money on facility repairs did follow and carry out the practice to allow "unsafe" and "dangerous prison conditions" to remain unrepaired with deliberate indifference to prisoner safety. Thereby he acted inconcert with the Governor and Dr. Rogelio Ortegsa to knowingly inflict cruel and unusual punishment upon me a state prisoner.

6.    From, 03-11-2015 to present, I as a incarcerated state prisoner am each morning and night while walking to and from the Delta yard chow hall, I am subjected to cruel and unusual punishment.  I am forced to walk on the Delta yard track which is in a severe state of disrepair. It is painful to my feet I have fallen breaking my neck in which I was deprived of medical care for over three months. (see Counts 1 and 2 herein this complaint. (see Also Exhibit-1, at Exhibits at pg. 2 to 17.) The Track also affects my future safety.

7.    The eighth Amendment to the U.S. Constitution Forbades "Cruel and Unusual punishment" and is probably the most important amendment for prisoners. It has been interpreted to prohibit excessive force and guard brutality, as well as unsanitary , dangerous or overly restrictive conditions. It is also the source for your right to medical care in prison.  Decent Conditions in Prison: Prison officials violate the Eighth Amend. when they act with deliberate indifference to a prison condition that exposes a prisoner to an unreasonable risk of serious harm or deprives a prisoner of a basic human need. (E,g, Farmer v. Brennen(1994) 511 US 825, 832-837; Wilson v. Seiter(1991) 501 US 294)   Thereby, **my rights** under the 8th and 14th Amendments to the U.S. Constitution have been violated by the Cruel and unusual punishment inflicted by the staff here at Centinela Desert institute.(see Exhibit-1 at p. 2 to 17.)

AO 72
(Rev. 8/82)

8.    In the support of both Counts one and Two setforth here in this complaint, Petitioner has setforth multiple declarations presently housed at the Centinela Desert Institute, Delta Yard who like this plaintiff are each and every day exposed to the known dangerous condition of confinement (Delta Yard Track / walk path) which is "Unsafe" and having to walk on it each day is Cruel and Unusual punishment which violates this plaintiffs right to be free from cruel and unusual punishment as is guaranteed by the eighth and Fourteenth Amendments to the U.S. Constitution.(see Exhibits at EXH.-8 at p. _176_ to _224_) relying upon the holdings of Farmer v. Brennan(1994)511 US 825, 831-832, 128 L.Ed.2d 811, 812-815; Morgan v. Morgensen, 465 F.3d 1041, 1045(9th Cir.2006); Rhodes v. Chapman(1981)452 US 337, 347)

9.    In the support of Count Two setforth herein this complaint, this plaintiff a LWOP Prisoner as also attached declarations from the inmates that rendered aid to him, and carried him to Delta Yard medical when the Yard custody corrections officers who were supervising the A.M. Yard refused to aid and ignored the pleas for assistence when this plaintiff due to the Dangerous "Unsafe" Prison condition tripped and fell being knocked unconscious. These Three inmates are relevant percipient witnesses to the tripping and falling of this complaintant, and are also witnesses to the "unsafe dangerous condition" at Delta Yard Centinela Desert Institute. (See EXHIBITS at EXH.-5, at p._53_ to_60_.)

10.   The prisoner complaintant asserts that a full and fair evidentiary hearing must be held with the District and Magistarte judges in this matter along with the jury walking a few laps around the Delta Yard track  before the court and jury can be able to make any fair and factual findings as to the issue setforth in Count One of this complaint.

11.   The prisoner complaintant also asserts that Counsel must be appointed to this prisoner to facilitate the "obtaining of discovery" to adequately and effectively depose the defendants in this matter who are State of California Employees employed at the Centinela Desert Institute, which as is a pattern and practice of prison officials, upon the filing and serving of this complaint the defendnats, their subordinates, or corrections custody yard staff and delta yard housing officer will implement a known practice, custom, and policy of reprisal and cam paign of abuse to deliberately and methodically interfere with and prevent the prisoner from actively pursueing his rights to litigate this action in the federal courts.

-17-

12.    Appointment of counsel is further necessary to seek out, meet with and call to testify such all experts that are required to fully and factually necessary to review the plaintiff's medical records, make finding and form opinions necessary to testify as to the medical treatment that was rendered by Dr. Ortega to support this prisoner's contention that he was deliberately deprived of necessary and adequate medical care from the date of 03-11-2015 to the date of June 25, 2015, as Dr. Ortega following a policy, practice and custom to save the prison and the state of california money did deliberately deprive this plaintiff of necessary and adequate medical care, and to inflict cruel and wanton pain and suffering did deprive the plaintiff of effective pain medication to ease the pain and suffering of the broken neck  which Dr. Ortega to save the state and prison money stated nothing was wrong because he failed to follow proper medical procedure for the treatment of persons with similar injuries. Appointment of counsel is also necessary to effectively conduct both examination and cross-examination of this plaintiff and the defendants as to the trial proceedings which must be held.

### CONCLUSION

For the above stated facts, the attached exhibits and declaration and appendices in the suport of these facts, This prisoner does assert that his rights to be free from Cruel and unusal punishment; To Decent, Safe conditions in prison, and to adequate Medical Care and treatment when necessary was violated by the nmaed defendnats and their subordinates. For these reasons I contend my Rights under the Eighth and Fourteenth Amends. to the U.S. Constitution were violated and a trial must be held.

DATED: December 25, 2015

Respectfully Submitted By,

Pedro Reyes, CDCR# AB-8237
Prisoner/Plaintiff/Petitioner
In Pro se

-18-

AO 72
(Rev. 8/82)

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)   Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)   Name of the court and docket number: _____

_____

(c)   Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

(d)   Issues raised:

_____

_____

_____

(e)   Approximate date case was filed: _____

(f)   Approximate date of disposition: _____

2.  Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.
As per the procedure set forth in the California Department of Corrections and rehibilitations Manuel, and the California Code of Regulations Title 15,CCR 3084 Et seq. I timely filed two inmate 602 appeals.(See Exhibits at EXH.-2 at pg. _18_ to _28_; EXH-3 at p._29_ to _37_.) Each level was properly exhausted. Thereby, this prisoner has properly exhausted all of his required informal and formal internal administrative prison remedies. I was denied at each level.

**E.  Request for Relief**

Plaintiff requests that this Court grant the following relief:

 1.  An injunction preventing defendant(s): From Beating , Assualting,Reprising against in any form to this petitioner. ; No Transfer; and Restraining order against Dr. Rogelio Ortega,M.D. from treating in any form this petitioner.

 2.  Damages in the sum of $ 7,000,000.00 (Seven Million Dollars)

 3.  Punitive damages in the sum of $ 3,000,000.00 (Three Million)

 4.  Other:

**F.  Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court.  (Choose one.)

**G.  Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

DECEMBER 25, 2015
_____
Date

_____
Signature of Plaintiff
PEDRO REYES, CDCR# AB-8237
 In Pro se

PROOF OF SERVICE BY MAIL DECLARATION

STATE OF CALIFORNIA            ]        CASE №: _____

                               ]SS
COUNTY OF IMPERIAL             ]        CASE Name: Pedro Reyes V. GOV Edmund G. Brown Jr. Et al
[CCP §§ 446, 2015.5; 28 USC 1746]

    I, *Ricardo Placencia*           am a resident of the State of California.
I am over the age of eighteen years and **I Am Not A Party** to the above referenced
Case/Action. My address is listed below. On [DATE *Jan 5, 2016* ]I served the below

[LEGAL PAPERS MAILED] _____

(1)Civil Rights Complaint under 42 USC 1983 ((20)-Pages); (2)Civil Cover Sheet(1-Pg);

(3)Declaration in the support of Motion to proceed in In Forma Pauperis, with the

attached prison certificate and copy of prison trust account statement; (4) Motion

for the appointment of counsel for non-english speaking, reading, or writing

Prisoner 28 USC 1915(e)(1); (5) Declarations, Exhibits & Appendices in the Support

of the Complaint under the Civil Rights Act 42 USC 1983; (6) Proof of Service

By placing a TRUE Copy thereof above listed enclosed in a sealed envelope with First
Class Postage fully prepaid and affixed into the United States Mail by handing the
Above named legal papers to prison Corrections Officer C/O *Rosales/Ruiz*
an official at Cetinela State Prison for processing and mailing through the Prison's
internal Legal Mail System Addressed as Follows:

(1)Clerk of the Court                    (2)Office of the Attorney General
   United States District Court             State of California &
   Southern District of California          Attn: Edmund G. Brown Jr. Governor of
   Room 4290                                the State Of California;
   880 Front Street., Room 4290            Kamala Harris, Attorney General
   San Diego, CA 92101-8900                300 South Spring Street., #1705
                                           Los Angeles, CA 90013

    I declare Under the Penalty of perjury pursuant to the Laws of the United States
of America and the State of California that the Above is true and Correct. Executed
on this *5th* Day of [Month] *January*        , 201*6* At Centinela Prison,Imperial CA

*Ricardo Placencia  R. Placen*
[Sender Name & Signature]

*V86712          D4-110*
[CDCR#            Housing Info]

Centinela State Prison
P.O. Box 931
Imperial, CA 92251

[Inmate Legal Documents are deemed filed on the date they are handed to prison staff
for processing and mailing vis the prisons internal legal mail system and procedures.
(see Houston v. lack(1988)487 US 266, 274-276; Huizar v. Carey(9th Cir. 2001)273 F.3d
1220; Rule 4(C) Fed. Rules App. Proc.[federal Holdings] Also In re Jordan(1992)4 Cal.
4th 116, 119, 13 CR2d 878; Moore v. Twomey(2004)16 Cal.Rptr.3d 163, Fn.5[CA State Holdings]

JS 44 (Rev. 12/12)   CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

PEDRO REYES,

**DEFENDANTS**

GOV. Edmund G. Brown Jr.
Ray Madden, WARDEN
Dr. Rogelio Ortega

**(b)** County of Residence of First Listed Plaintiff   Imperial, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Sacramento
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Prisoner In Pro se

Attorneys *(If Known)*   Office of The Attorney General
State of California
300 South Spring Street, #1705
Los Angeles, CA  90013

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Violations of 42 USC 1983

Brief description of cause:
Rights to Decent Prison Conditions, Adequate Medical Care, To Be free from Cruel Punish.Violated

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Ten Million

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE   DECEMBER 25, 2015

SIGNATURE OF ATTORNEY OF RECORD
Pedro Reyes, In Pro se

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PROOF OF SERVICE BY MAIL DECLARATION

STATE OF CALIFORNIA         ]          CASE No: _____
                            ]SS
COUNTY OF IMPERIAL          ]          CASE Name: _____
[CCP §§ 446, 2015.5; 28 USC 1746]

    I, _Ricardo Placencia_____ am a resident of the State of California.
I am over the age of eighteen years and **I Am Not A Party** to the above referenced
Case/Action. My address is listed below. On [DATE] _01-05-2016_]I served the below

[LEGAL PAPERS MAILED]

 (1) Declaration, Exhibits, And Appendices in the Support of the Complaint under
the Civil Rights Act 42 USC 1983, (Consisting of 111 Pages.);

(2) Proof of Service by Mail Declaration Attached

By placing a TRUE Copy thereof above listed enclosed in a sealed envelope with First
Class Postage fully prepaid and affixed into the United States Mail by handing the
Above named legal papers to prison Corrections Officer C/O _Rosale /Rure___
an official at Cetinela State Prison for processing and mailing through the Prison's
internal Legal Mail System Addressed as Follows:

(1) Clerk of the Court                  (2) Office of the Attorney General
    United States District Court            State of California
    Southern District of California         Attn.: Edmund G. Brown Jr., Governor of
    Room 4290                               The State of California;
    880 Front Street., Room 4290            Kamala Harris, Attorney General
    San Diego, CA 92101-8900                300 South Spring Street., 1705
                                            Los Angeles, CA 90013

    I declare Under the Penalty of perjury pursuant to the Laws of the United States
of America and the State of California that the Above is true and Correct. Executed
on this _5_ Day of [Month] JANUARY _____, 2016  At Centinela Prison, Imperial CA

_Ricardo Placencia_____
[Sender Name & Signature]

_V86712_        _D4-110_
[CDCR#           Housing Info]

Centinela State Prison
P.O. Box 931
Imperial, CA 92251

[Inmate Legal Documents are deemed filed on the date they are handed to prison staff
for processing and mailing vis the prisons internal legal mail system and procedures.
(see Houston v. lack(1988)487 US 266, 274-276; Huizar v. Carey(9th Cir. 2001)273 F.3d
1220; Rule 4(C) Fed. Rules App. Proc.[federal Holdings] Also In re Jordan(1992)4 Cal.
4th 116, 119, 13 CR2d 878; Moore v. Twomey(2004)16 Cal.Rptr.3d 163, Fn.5[CA State Holdings]

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Pedro Reyes<br>AB-8237 | Gov. Edmund G. Brown Jr, et al. |

| **(b)** County of Residence of First Listed Plaintiff   Imperial<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
|---|---|

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Pedro Reyes<br>PO Box 931<br>Imperial CA 92251 | Attorneys *(If Known)*<br><br>16CV0084 JLS BLM |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government<br>    Plaintiff

☒ 3   Federal Question<br>    *(U.S. Government Not a Party)*

☐ 2   U.S. Government<br>    Defendant

☐ 4   Diversity<br>    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | ☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | ☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 |    Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original<br>   Proceeding

☐ 2 Removed from<br>   State Court

☐ 3 Remanded from<br>   Appellate Court

☐ 4 Reinstated or<br>   Reopened

☐ 5 Transferred from<br>   Another District<br>   *(specify)*

☐ 6 Multidistrict<br>   Litigation

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>42:1983<br>Brief description of cause:<br>Prisoner Civil Rights |
|---|---|

| **VII. REQUESTED IN<br>COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:    ☐ Yes    ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S)<br>IF ANY** | *(See instructions):*    JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE<br>01/11/2016 | SIGNATURE OF ATTORNEY OF RECORD<br>s/SKHoestenbach |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

PART 1 OF 2

CONFIDENTIAL

JAN 05 2016

LEGAL MAIL

CDC # AB-8237
INSTITUTE-DV-110
302 BROWN ROAD
25/
SE

Clerk of the Court
United States District Court
Southern District of California
Room 4290
880 Front Street, Room 4290
San Diego, CA 92101-8900



PRIORITY®
MAIL

UNITED STATES POSTAL SERVICE

Visit us at usps.com

Label 107R, January 2008

GENERATED FROM
CENTINELA STATE PRISON

JAN 11 2016
RECEIVED
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES POSTAGE
02 1R
$ 05.90
000 6557925   JAN08  2016
MAILED FROM ZIP CODE 92251

PART 2 OF 2

SEE Certified Trust STATEment

Here



Clerk of the Court
United States District Court
Southern District of California
Room 4290
880 Front Street, Room 4290
San Diego, CA 92101-8960

USPS PRIORITY MAIL
$ 10.150
JAN 08 2016
0004557825
MAILED FROM ZIP CODE 92251

CREATED FROM
CENTINELA STATE PRISON

Label 107R, January 2008

Visit us at usps.com
UNITED STATES POSTAL SERVICE
PRIORITY MAIL

A6-8237
COT Institute -D31 4/1
502 Brown Road
2251
Se

PART 2 of 2

RECEIVED
JAN 1 1 2016

PART 2 of 2