UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO REYES,<br><br>                                   Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., DR. ROGELIO ORTEGA, AND RAY MADDEN,<br><br>                                   Defendants. | Case No.:  16cv84-JLS(BLM)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 32]** |

On July 25, 2016, Plaintiff filed a document entitled "PLAINTIFF'S SECOND MOTION FOR THE APPOINTMET [sic] OF COUNSEL BASED PRIOR ARGUMENT AND A RECENT THREAT TO AN INMATE ASSISTANT" that was accepted by the Court on discrepancy on August 2, 2016.  ECF Nos. 31-32.  Plaintiff seeks an order from the Court appointing counsel to represent him in the instant matter.  Id. at 1.  In support, Plaintiff argues that he is (1) unable to afford counsel, unable to speak, read, or write in English, (3) only able to access the prison law library once a week and is prevented from going at the same time as his translator, (4) only able to submit filings in this matter with the assistance of another inmate, (5) uneducated in the law, and (6) unable to access legal materials in Spanish or Spanish speaking inmate clerks in the library.  Id. at 1-2.  In further support, Plaintiff argues that appointment of counsel is necessary to retain medical experts, present evidence, and cross examine witnesses.  Id. at 2.  Plaintiff states that

he has attempted to find an attorney to represent him, but that none of them have been willing to take his case. Id. Finally, Plaintiff states that the inmate who has been assisting him has been threatened by a correctional officer due to his involvement in this matter and as a result, is not willing to continue assisting Plaintiff in this matter. Id. at 3-10.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted several pleadings and motions without the assistance of counsel. See Docket. In addition to the instant motion, he has submitted a complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 2), a previous motion for appointment of counsel (ECF No. 3), a motion to strike his original exhibits in support of the complaint and replace them with updated exhibits (ECF No. 7), a motion for the Court to provide contact information and for Defendants to be served timely (ECF No. 10), a letter requesting blank USM-285 forms (ECF No. 12)[1], a motion to attach additional documents to the complaint (ECF No. 13), a motion for additional time to oppose Defendants' motion to dismiss (ECF No. 22), a second motion for additional time to oppose Defendants' motion to dismiss (ECF No. 25), an opposition to Defendants' motion to dismiss (ECF No. 28), and a request for leave to file a first amended complaint (ECF No. 30). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case.[2]

---

[1] The filing was ultimately rejected since Plaintiff had already been provided with the forms. ECF No. 12.

[2] Plaintiff's reliance on another inmate for assistance in drafting his pleadings [see ECF No. 32

The Court previously denied Plaintiff's request for counsel [see ECF No. 4] and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy. ECF No. 32. Further, Plaintiff does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331. While as Plaintiff argues, it is likely true that that the appointment of counsel would assist him with discovery and trial issues such as the examination of witnesses, these factors do not warrant the finding of exceptional circumstances supporting an appointment of counsel. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997), overruled on other grounds, 154 F.3d 952 (9th Cir.1998) (en banc) (holding that the appellant "may well have fared better [with appointed counsel]—particularly in the realms of discovery and the securing of expert testimony—but this is not the test"); see also Peterson v. Anderson, 2009 WL 4506542, at *3 (D. Mont. Dec.2, 2009) (citing Wilborn, 789 F.2d at 1331) ("Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex."). "[A]ny pro se litigant certainly would be better served with the assistance of counsel." Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("[A] pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."). But a plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex.

Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time,

---

at 3-9] does not alter this analysis. See, e.g., Montano v. Solomon, 2010 WL 4137476, at *7 (E.D. Cal. Oct.19, 2010) (denying plaintiff's motion for appointment of counsel where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case ....").

the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.  See Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training, limited English, and poverty do not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding in *pro se*); see also Montano v. Solomon, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) (stating that "[n]either indigence nor lack of facility in English qualifies as an exceptional circumstance in a prisoner civil rights case."); Garces v. Degadeo, 2007 WL 1521078, at *1 (E.D. Cal. May 22, 2007) (finding that "Plaintiff's inability to read or write in English does not constitute an exceptional circumstance.").

**IT IS SO ORDERED**.

Dated:  8/8/2016

Hon. Barbara L. Major
United States Magistrate Judge