UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO REYES, | Case No.:  16cv84-JLS (BLM) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST TO APPOINT COUNSEL AND STAY** |
| v. | |
| DR. ROGELIO ORTEGA, RAY MADDEN, JOHN DOE CORRECTIONAL OFFICERS 1 THROUGH 5, JOHN DOE CORRECTIONAL SERGEANT, AND NURSE BELTRAN, | |
| Defendants. | **[ECF No. 48]** |

On November 15, 2016, Plaintiff constructively filed a motion to appoint counsel and a request to stay the case pending the Court's decision on appointment of counsel.  ECF No. 48 at 1.  Plaintiff states that exceptional circumstances "favor an inquiry into the services of a volunteer attorney." Id. at 2.

This is Plaintiff's fourth request for appointment of counsel.  See ECF Nos. 3, 32, 44, 48. The Court informs Plaintiff for the fourth time that the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981).  However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th

1

Cir. 2004).   A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff states that he is aware that the Constitution provides no right to appointment of counsel in a civil case, but states that exceptional circumstances warrant the appointment of counsel in this case.  ECF No. 48 at 2.  Specifically, Plaintiff explains that he has a likelihood of success on the merits because the complaint "survived both the screening and Rule 12(b)(6) Motion to Dismiss stages." Id.  Further, Plaintiff explains that he is unable to articulate his claims because he has the education equivalent of a first grader and cannot speak English.  Id.

First, the Court notes that while Plaintiff's complaint has passed the screening process, it has not yet passed the motion to dismiss stage.  See Docket.  A motion to dismiss is currently pending and will not be fully briefed until January 6, 2016.  ECF Nos. 39, 45.  Plaintiff is reminded that his opposition to Defendants' motion to dismiss must be filed on or before December 12, 2016.  ECF No. 45.  This does not demonstrate a likelihood of success on the merits such that his case should be classified as an exceptional circumstance.

Second, the facts that Plaintiff has the education equivalent of a first grader and cannot speak English do not qualify as exceptional circumstances.  Thus far, Plaintiff has drafted and submitted several pleadings and motions without the assistance of counsel.  In addition to the instant motion, he has submitted a complaint (ECF No. 1), a motion to proceed in forma pauperis (ECF No. 2), three previous motions for appointment of counsel (ECF Nos. 3, 32, 44), a motion to strike his original exhibits in support of the complaint and replace them with updated exhibits (ECF No. 7),  a motion for the Court to provide contact information and for Defendants to be timely served (ECF No. 10), a letter requesting blank USM-285 forms (ECF No. 12)[1], a motion to attach additional documents to the complaint (ECF No. 13), a motion for additional time to

---

[1] The filing was ultimately rejected since Plaintiff had already been provided the forms.  ECF No. 12

oppose Defendants' motion to dismiss (ECF No. 22), a second motion for additional time to oppose Defendants' motion to dismiss (ECF No. 28), a request for leave to file a first amended complaint (ECF No. 30), and a first amended complaint (ECF No. 37).  From the Court's review of these documents, it is clear that Plaintiff is able to articulate his case.[2]  Further, Plaintiff's limited English does not constitute exceptional circumstances.  See Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training, limited English, and poverty do not constitute exceptional circumstances, as there are the types of difficulties many other litigants face in proceeding in pro se); see also Montano v. Solomon, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) (stating that "[n]either indigence nor lack of facility in English qualifies as an exceptional circumstance in a prisoner civil rights case."); Garces v. Degadeo, 2007 WL 1521078, at *1 (E.D. Cal. May 22, 2007) (finding that "Plaintiff's inability to read or write in English does not constitute an exceptional circumstance.").

The Court has denied Plaintiff's prior three requests for counsel [See ECF Nos. 4, 34, 45] and Plaintiff's current request does not provide any new facts justifying the appointment of counsel.  ECF No. 48.   Plaintiff has not alleged the requisite "exceptional circumstances" at this time and the Court **DENIES** Plaintiff's request for appointment of counsel.  Because the Court denies Plaintiff's request for appointment of counsel, the Court also **DENIES AS MOOT** Plaintiff's request to stay the case pending the Court's decision on Plaintiff's motion to appoint counsel.

**IT IS SO ORDERED.**

Dated:  11/30/2016

Hon. Barbara L. Major
United States Magistrate Judge

---

[2] Plaintiff's reliance on another inmate for assistance in drafting his pleadings [see ECF No. 32 at 3-9] does not alter this analysis.  See, e.g., Montano v. Solomon, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying plaintiff's motion for appointment of counsel where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case . . . .").

16cv84-JLS (BLM)