UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO REYES,<br><br>         Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR.; DR. ROGELIO ORTEGA; RAY MADDEN,<br><br>         Defendants. | Case No.: 16-CV-84 JLS (BLM)<br><br>**ORDER: (1) ADOPTING R&R; AND (2) DISMISSING PLAINTIFF'S COMPLAINT**<br><br>(ECF Nos. 39, 53, 57) |

   Presently before the Court are Defendants R. Ortega and R. Madden's Motion to Dismiss Plaintiff's FAC for Failure to State a Claim (ECF No. 39), and Defendant R. Beltran's Motion to Dismiss Plaintiff's FAC for Failure to State a Claim (ECF No. 53). Also before the Court are (1) Magistrate Judge Barbara L. Major's Report and Recommendation ("R&R") recommending that the Court grant Defendants' motions to dismiss, (ECF No. 57); (2) Plaintiff Pedro Reyes's Objections to the R&R, ("R&R Objs.," ECF No. 61); and Defendants' Reply to Plaintiff's Objections to the R&R, ("R&R Reply," ECF No. 62). After considering the parties' arguments and the law, the Court rules as follows.

/ / /

/ / /

## BACKGROUND

Judge Major's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motions to Dismiss. (*See* R&R 1–5.[1]) This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

### I. Summary of the R&R Conclusion

On September 19, 2016, Plaintiff filed his FAC under the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights against Defendants Madden, Ortega, Beltran, and Does 1 through 6. (R&R 2.) Specifically, Plaintiff argues that he was forced to endure unsafe prison conditions, was denied adequate medical care, and suffered cruel and unusual punishment. (*Id.* at 3.)

Plaintiff argues that Madden violated his Eighth Amendment right to be free from dangerous prison conditions by knowingly failing to fix the dangerous condition of the track which caused Plaintiff to trip and fall while running. (*Id.* at 7.) Judge Major found that Plaintiff had not shown that the track was a condition posing a substantial risk of

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

serious harm or depriving him of a life necessity, and thus found that the objective requirement of an Eighth Amendment deliberate indifference to safety claim was not met.[2] (*Id.* at 11.) Judge Major also found that Plaintiff failed to satisfy the subjective prong because his conclusory allegations have not shown a causal link between Madden and the constitutional violation. (*Id.* at 14.) Thus, Judge Major recommends that the Court grant Defendants' motion to dismiss Plaintiff's Eighth Amendment claim of deliberate indifference to his safety against Madden with leave to amend. (*Id.* at 15.)

Plaintiff argues that Ortega violated his constitutional rights because he was deliberately indifferent to his serious medical needs. (*Id.*) Plaintiff alleges that Ortega provided constitutionally inadequate medical care for three months after Plaintiff's fall by not believing Plaintiff's claims and failing to order appropriate tests, which resulted in Plaintiff enduring ongoing pain and an emergency surgery once the correct tests were performed. (*Id.*) Judge Major found that Plaintiff satisfies the objective prong of the test for an Eighth Amendment violation because the Court must accept as true Plaintiff's allegations that he fell down and seriously injured his neck, resulting in the need for surgery. (*Id.* at 16–17.) However, Judge Major found that Plaintiff failed to allege facts supporting the subjective prong because his FAC explained that he was appropriately treated by Ortega throughout the course of these events. (*Id.* at 17–20.) Thus, Judge Major recommends that the Court grant Defendants' motion to dismiss Plaintiff's Eighth

---

[2] As Judge Major correctly explains,

> To assert an Eighth Amendment claim based on conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the objective requirement, "the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities." *Id.*; *see also Matthews v. Holland*, 2016 WL 3167568, at *2 (E.D. Cal. June 6, 2016). Under the subjective requirement, the prisoner must allege facts which demonstrate that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

(R&R 7–8.)

Amendment claim of deliberate indifference to his medical care without leave to amend. (*Id.* at 20.)

Plaintiff also seeks injunctive relief to prevent Ortega from acting as his care provider. (*Id.* at 20.) However, Judge Major concluded that Plaintiff failed to allege any facts demonstrating that Plaintiff is entitled to injunctive relief. (*Id.* at 20–21.) Thus, Judge Major recommends that the Court deny Plaintiff's request for injunctive relief.

Plaintiff alleges that Beltran violated his Eighth Amendment right to adequate medical care when Beltran told Plaintiff "he would have to put in a medical request slip if he wanted to be seen by a doctor," as opposed to allowing Plaintiff to see a doctor immediately. (*Id.* at 21 (citing FAC 5).) Plaintiff sues Beltran in his official capacity for damages, which Judge Major concluded is barred by the Eleventh Amendment. (*Id.* at 22 (citing, e.g., *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999)).) Thus, Judge Major recommends that this claim for monetary damages against Beltran in his official capacity be dismissed without leave to amend. (*Id.*)

Judge Major also recommends that Plaintiff's request to amend his FAC to seek declaratory and/or injunctive relief against Beltran for any medical slip policy be denied because Plaintiff has not shown that there is a "real or immediate threat that [he] will be wronged again." (*Id.* at 23 (citing *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983)).) Finally, Judge Major concluded that it would be futile for Plaintiff to amend his FAC and sue Beltran in his individual capacity because, among other things, Plaintiff characterized Beltran's decision as a "difference in medical opinion," (*id.* at 24 (citing FAC 5)), and notes that it is established law that "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim," (*id.* (citing *Johnson v. Fortune*, 2016 WL 1461516, at *2 (E.D. Cal. Apr. 14, 2016))). Thus, Judge Major recommends that Defendants' motion to dismiss Plaintiff's claims against Defendant Beltran be granted without leave to amend.

/ / /

/ / /

II. **Summary of Plaintiff's Objections**

Plaintiff objects to Judge Major's R&R on two discrete grounds. First, Plaintiff argues that Judge Major improperly relied on the original complaint when analyzing whether Ortega was deliberately indifferent by delaying Plaintiff's spinal surgery by three month. (R&R Objs. 4.) As a result, Plaintiff argues that Judge Major did not properly draw all reasonable inferences from the FAC's allegations in his favor. (*Id.* at 6–8.)

Second, while Plaintiff does not object to Judge Major's other recommendations regarding his claims against Beltran, Plaintiff argues that Judge Major failed to assess his claim for declaratory relief against Beltran and thus he should be allowed to amend his FAC as to that claim. (*Id.* at 8–9.)

III. **Court's Analysis**

The Court will review, *de novo*, those parts of the R&R to which Plaintiff objects.

A. *Reliance on Original Complaint*

Plaintiff first argues that Judge Major improperly relied on the original complaint in assessing his FAC. (*Id.* at 4–6.) Specifically, Plaintiff claims that Judge Major weighed the exhibits attached to the original complaint against the FAC when assessing Defendants' motions. (*Id.*)

Defendants concede that "[a]s a general rule, an amended complaint supersedes the original complaint. Once Plaintiff files an amended complaint, the original pleadings no longer serve any function in this case." (R&R Reply 2 (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012)).) However, Defendants argue that (1) Judge Major only relied on the complaint for medical treatment dates, and, in either case, (2) Judge Major's reliance was permissible because those exhibits were incorporated by reference in the FAC. (*Id.* at 2–4.)

The Court agrees with Defendants that Judge Major properly relied on the exhibits in the original complaint under the doctrine of incorporation by reference. The doctrine of incorporation by reference permits courts "to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, not only did Plaintiff reference his medical records in his FAC, but he also attached selected portions of those records. (*See, e.g.*, FAC 6, 18–29, 50–63.) Additionally, while Plaintiff objects to Judge Major's reliance on these exhibits, he does not question their authenticity. (*See generally* R&R Objs.) Defendants and the Court are thus entitled to rely on the totality—not simply Plaintiff's selected portion—of these records in assessing the adequacy of Plaintiff's FAC. *See, e.g.*, *Knievel*, 393 F.3d at 1076–77 (assessing the entire website, not just plaintiff's proffered portion of that website, under the doctrine of incorporation by reference). Thus, the Court concludes that Judge Major properly relied on these exhibits under the doctrine of incorporation by reference.[3] Accordingly, the Court **OVERRULES** Plaintiff's first objection.

As a result, the Court agrees with Judge Major's assessment that Plaintiff has failed to adequately allege that Ortega was deliberately indifferent to his medical needs in violation of the Eighth Amendment. (*See* R&R 20.) And Judge Major is right that a court may dismiss a claim without leave to amend if the pleading cannot be cured by the addition of other facts. (*Id.* (citing, e.g., *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).) But leave to amend "should be granted more liberally to pro se plaintiffs," *Ramirez*, 334 F.3d at 861, and Plaintiff has amended only once thus far. Moreover, this is the first time a motion to dismiss has been assessed on the merits in this case. So while the Court entertains serious doubts about Plaintiff's ability to adequately re-plead his claims against Ortega given the incorporation of these exhibits, the Court will allow Plaintiff another opportunity to amend his complaint and thus **DISMISSES WITHOUT PREJUDICE** his claims against Ortega.

///

---

[3] In addition, Judge Major did not rely on these exhibits for, or to rebut, any material allegations. Rather, Judge Major merely relied on these exhibits to supply specific medical treatment dates. (R&R 17 n.6.) Judge Major relied on the FAC for the material allegations regarding his treatment, as well as for a general chronology of his treatment. (*Id.*)

### B. Declaratory Relief Claim

Plaintiff also argues that Judge Major failed to assess his declaratory relief claim against Beltran, and thus he should be given an opportunity to amend this claim. (*Id.* at 8–9.) However, it does not appear that Plaintiff stated a declaratory relief claim against Beltran. (*See generally* FAC.) Rather, it appears that Plaintiff, in opposing Defendants' motion to dismiss, requested leave to amend his complaint to "specify declaratory . . . relief as it pertains to the constitutionality of the policy, practice, or custom Beltran might have been complying with." (Pl.'s Opp'n to Def. Beltran's Mot. to Dismiss the First Am. Compl. 6, ECF No. 56.) While the Court agrees with Judge Major and Defendants that a difference in opinion between a prisoner and medical authorities does not give rise to a § 1983 claim, it appears here that Plaintiff seeks to challenge the policy Beltran followed itself rather than Beltran's specific decision under that alleged policy. It may well be, as Defendants suggest, that Plaintiff will be unable to state a claim even as against the policy itself. But the Court will at least grant Plaintiff an opportunity to present that claim in an amended complaint.[4] Accordingly, the Court **SUSTAINS** Plaintiff's second objection and grants him leave to amend his complaint to attempt to plead a declaratory judgment claim, if any.

Furthermore, after review of the moving papers and Judge Major's R&R, the Court finds "that there is no clear error on the face of the record" and thus the Court may "accept the recommendation," Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell*, 510 F.2d at 206), as to those portions of the R&R to which Plaintiff does not object. Accordingly, the Court **ADOPTS** Judge Major's R&R as to those portions and **GRANTS** Defendants' Motions to Dismiss.

///
///
///

---

[4] Defendants will, of course, be entitled to challenge the sufficiency of Plaintiff's claims in any amended complaint.

## CONCLUSION

For the reasons stated above, the Court (1) **OVERRULES** Plaintiff's first objection; (2) **SUSTAINS** Plaintiff's second objection; (3) **ADOPTS** the relevant portions of the R&R consistent with this Order; and (4) **GRANTS IN PART** and **DENIES IN PART** Defendants' Motions to Dismiss (ECF Nos. 39, 53). Accordingly, the Court **DISMISSES** Plaintiff's FAC. To the extent Plaintiff's claims are dismissed, they are **DISMISSED WITHOUT PREJUDICE** unless otherwise noted in the R&R as adopted and/or amended by this Order.

**IT IS SO ORDERED.**

Dated: July 10, 2017

Hon. Janis L. Sammartino
United States District Judge