1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  PEDRO REYES,                          Case No.: 16cv84-JLS (BLM)

12                         Plaintiff,     **REPORT AND RECOMMENDATION FOR
                                          ORDER GRANTING DEFENDANTS'**
13  v.                                    **MOTION TO DISMISS PLAINTIFF'S
                                          SECOND AMENDED COMPLAINT FOR**
14  EDMUND G. BROWN, JR., DR. ROGELIO     **FAILURE TO STATE A CLAIM FOR**
    ORTEGA, RAY MADDEN, JOHN DOE          **WHICH RELIEF MAY BE GRANTED**
15  CORRECTIONAL OFFICERS 1 THROUGH 5,
    JOHN DOE CORRECTIONAL SERGEANT, AND   **ORDER (1) GRANTING PLAINTIFF'S**
16  NURSE BELTRAN,                        **REQUEST FOR ADDITIONAL TIME TO
                                          FILE A THIRD AMENDED COMPLAINT,**
17                         Defendants.    **(2) GRANTING PLAINTIFF'S REQUEST
                                          FOR A COPY OF THE LOCAL RULES,**
18                                        **AND (3) CLARIFYING THE STATUS OF
                                          THE PLEADINGS**
19

20

21                                        **[ECF Nos. 70, 72, and 75]**

22

23            I.    **REPORT AND RECOMMENDATION**

24         This Report and Recommendation is submitted to United States District Judge Janis L.

25  Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f) of the

26  United States District Court for the Southern District of California.  For the following reasons,

27  the Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**.

28  ///

## **PROCEDURAL BACKGROUND**

On January 5, 2016, Plaintiff Pedro Reyes, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants Brown, Ortega, and Madden.  ECF No. 1 ("Comp.").  Plaintiff alleged claims under the Eighth and Fourteenth Amendments.  Id. at 3-18.  On April 25, 2016, Defendants filed a Motion to Dismiss the Complaint for Failure to State a Claim for which Relief May be Granted.  ECF No. 19-1.  After granting two requests from Plaintiff to continue his deadline for opposing Defendants' motion [see ECF Nos. 22-26], Plaintiff timely filed his opposition [ECF No. 28].

On July 25, 2016, Plaintiff filed a "REQUEST FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT" and "PLAINTIFF'S SECOND MOTION FOR THE APPOINTMENT OF COUNSEL BASED ON PRIOR ARGUMENT AND A RECENT THREAT TO AN INMATE ASSISTANT" which were accepted by the Court on discrepancy on August 2, 2016.  ECF Nos. 29-32.  On August 15, 2016, Defendants filed a response indicating that they did not oppose the motion to file a first amended complaint [see ECF No. 35] and the Court took the matter under submission.  On August 26, 2016, District Judge Sammartino granted Plaintiff's motion to file a first amended complaint and denied as moot Defendants' motion to dismiss.  ECF No. 36.

On July 25, 2016, Plaintiff filed a First Amended Complaint under the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of the Eighth Amendment against Defendants Madden, Ortega, Beltran, and John Does 1 through 6.  ECF No. 37 ("FAC").  On October 5, 2016, Defendants Madden and Ortega filed a Motion to Dismiss for Failure to State a Claim for Which Relief May be Granted.  ECF No. 39-1.

On October 25, 2016, Plaintiff filed a letter requesting the appointment of counsel, or in the alternative, more time to file his opposition.  ECF No. 44; see also ECF No. 45.  On November 4, 2016, the Court issued an order denying Plaintiff's motion for the appointment of counsel and granted Plaintiff's motion to extend the deadline to file an opposition to Defendants' motion to dismiss.  ECF No. 45.  On November 15, 2016, Plaintiff filed a motion to appoint counsel and requested the case be stayed until the Court rules on the motion to appoint counsel.  ECF No. 48.  On November 30, 2016, the Court denied Plaintiff's motion to appoint counsel and denied

16cv84-JLS (BLM)

as moot Plaintiff's motion to stay.  ECF No. 49.

On December 12, 2016, Plaintiff filed a second motion for an extension of time to file an opposition to Defendants' motion to dismiss.  ECF No. 51.  The Court granted Plaintiff's motion and ordered Plaintiff to file his opposition on or before January 12, 2017, and Defendants to file their reply on or before February 6, 2017.  ECF No. 52.  On January 3, 2017, Plaintiff timely filed his opposition.  ECF No. 55.  Defendants did not file a reply.  <u>See</u> Docket.

On December 21, 2016, Defendant Beltran filed a motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim for which relief may be granted.  ECF No. 53-1.  On January 24, 2017, Plaintiff filed his opposition.  ECF No 56.  Defendants did not file a reply.  <u>See</u> Docket.

On April 4, 2017, the Court issued a "REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED."  ECF No. 57.  Plaintiff filed objections to the Report and Recommendation on May 31, 2017.  ECF No. 61.  Defendants replied to the objections on June 13, 2017.  ECF No. 62.  On July 10, 2017, United States District Janis L. Sammartino issued an "ORDER: (1) ADOPTING R&R; AND (2) DISMISSING PLAINTIFF'S COMPLAINT."  ECF No. 63.  In the order, Judge Sammartino overruled Plaintiff's first objection, that Judge Major improperly relied on the original complaint when analyzing Plaintiff's claim of deliberate indifference by Defendant Ortega, and dismissed without prejudice Plaintiff's claims against Defendant Ortega.  <u>Id.</u> at 6.  Judge Sammartino sustained Plaintiff's second objection that Judge Major failed to assess his claim for declaratory relief against Defendant Beltran, but noted that "it does not appear that Plaintiff stated a declaratory relief claim against Beltran."  <u>Id.</u> at 7.  Judge Sammartino concluded that it appeared as though "Plaintiff [sought] to challenge the policy Beltran followed itself rather than Beltran's specific decision under that alleged policy."  <u>Id.</u>

On July 18, 2017, Plaintiff constructively filed his fifth motion to appoint counsel. ECF No. 65.  The Court denied the motion on July 28, 2017.  ECF No. 66.  On August 10, 2017, Plaintiff filed his Second Amended Complaint ("SAC").  ECF No. 69.  The document is entitled

"PLAINTIFF'S AMENDED COMPLAINT AND AMENDED ATTEMPT TO PLEAD A DECLARATORY JUDGMENT CLAIM" and it names three individuals as Defendants, Dr. Ortega, Warden Madden, and MTA Beltran.  Id. at 1, 4.  On August 30, 2017, Defendants filed a motion to dismiss Plaintiff's SAC for failing to state a claim against Defendant Ortega for deliberate indifference to Plaintiff's medical needs and for failing to state a claim for declaratory judgment for Defendant Beltran following an unconstitutional policy.  ECF No. 70-1 ("MTD").  On October 2, 2017, Plaintiff filed a document entitled "OBJECTION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT."  ECF No 72 ("Oppo.").  The Court interpreted this document to be both an opposition and a motion to file a third amended complaint ("TAC").  Defendants did not file a reply.  See Docket.

On November 6, 2017, Plaintiff filed a "REQUEST FOR CLARIFICATION AND CORRECTION" which was accepted by the Court on discrepancy on November 21, 2017.  ECF Nos. 74 and 75.

## COMPLAINT ALLEGATIONS

Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint, and must construe the complaint and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff.  See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

According to the SAC, on March 11, 2015, Plaintiff was jogging on the track at his prison yard facility when he tripped and fell and incurred serious injuries.  SAC at 4.  Plaintiff alleges that he tripped because of the "uneven road provided by the prison warden and staff."  Id.  After his fall, Plaintiff lost consciousness and was carried to the infirmary by his fellow inmates as the correction officers failed to issue a "man down" alert.  Id. at 4-5.  Once he arrived at the infirmary, Defendant Beltran, a Medical Technical Assistant ("MTA") employed by Centinela State Prison where Plaintiff was housed, refused to examine or treat Plaintiff and forced Plaintiff to return to his cell and complete the required paperwork.  Id. at 5.  Plaintiff alleges that he was deprived of medical assistance for nine days despite the fact that he suffered immense pain.  Id. Plaintiff further alleges that Defendant Beltran was "untrained in his medical profession" and

failed to identify and treat "a serious medical need for [Plaintiff] who had just received serious injuries from 'An Unsafe Environment.'" Id. Plaintiff claims that he did not see a "bonafide doctor" until June 20, 2015 when Dr. Qazi examined him and discovered a spinal injury. Id. Two days later, on June 22, 2015, Plaintiff was admitted to the hospital where he underwent cervical spine surgery. Id.

Plaintiff states that Defendant Madden, Warden of Centinela State Prison, failed to properly manage and train Defendant Beltran on how to handle emergency medical needs and failed to manage road repairs on the jogging track. Id. Plaintiff alleges that Defendant Madden's failure to maintain a safe jogging track caused his fall and resulting injuries. Id. at 4-5.

As a result of the fall, Plaintiff states that he has suffered extreme pain in his back and legs and mental anguish, and is currently requesting to have a walker assigned to him to assist in alleviating the pain in his back and legs. Id. at 6. Plaintiff seeks six million dollars, attorney's fees and costs and such additional relief as the Court deems proper. Id.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. See Fed. R. Civ. P. 12(b)(6). The issue is not whether the plaintiff ultimately will prevail, but whether he has properly stated a claim upon which relief could be granted. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). In order to survive a motion to dismiss, the plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). If the facts alleged in the complaint are "merely consistent with" the defendant's liability, the plaintiff has not satisfied the plausibility standard. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Rather,

16cv84-JLS (BLM)

"[a] claim has facial plausibility when the [plaintiff] plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

When a plaintiff appears *pro se*, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). This rule of liberal construction is "particularly important" in civil rights cases. Hendon v. Ramsey, 528 F. Supp. 2d 1058, 1063 (S.D. Cal. 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (stating that because "Iqbal incorporated the Twombly pleading standard and Twombly did not alter the courts' treatment of *pro se* filings; accordingly we continue to construe *pro se* filings liberally . . . ." This is particularly important where the petitioner is a *pro se* prisoner litigant in a civil matter). When giving liberal construction to a *pro se* civil rights complaint, however, the court is not permitted to "supply essential elements of the claim[] that were not initially pled." Easter v. CDC, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id. (quoting Ivey, 673 F.2d at 268).

The court should allow a *pro se* plaintiff leave to amend his or her complaint, "unless the pleading could not possibly be cured by the allegation of other facts." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation marks and citations omitted). Moreover, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik, 963 F.2d at 1261.

To state a claim under § 1983, a plaintiff must allege facts sufficient to show that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some "rights, privileges, or immunities" protected by the Constitution of the laws of the United States. 42 U.S.C. § 1983. To prevail on a § 1983 claim, "a plaintiff must

16cv84-JLS (BLM)

demonstrate that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of the defendant." Harris v. Schriro, 652 F. Supp. 2d 1024, 1034 (D. Ariz. 2009) (citation omitted). A particular defendant is liable under § 1983 only when the plaintiff proves he participated in the alleged violation. Id.

## A. **Defendant Ortega**

Plaintiff alleges that he was denied adequate medical care after his fall. SAC. In the "Parties" section of his complaint, Plaintiff states that "Defendant Ortega is a medical doctor, who at all times relevant hereto was assigned to Centinela State Prison." Id. at 4. In the introduction, Plaintiff states "[i]t is, without any doubt to the common layman, the fault of Defendant Ortega that Plaintiff continues to suffer from delayed treatment after the accident on March 11, 2015." Id. at 2. Plaintiff does not, however, provide any specific allegations regarding what Defendant Ortega did to violate Plaintiff's rights. Id. at 4-6.

Defendants move to dismiss Plaintiff's claims against Defendant Ortega on the ground that Plaintiff's SAC fails to state a claim for relief under Plaintiff's Eighth Amendment right to adequate medical care. MTD.

A prison official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment's proscription against cruel and unusual punishment. See Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). A prisoner must satisfy an objective and a subjective requirement to assert an Eighth Amendment violation. Id. The objective requirement is satisfied so long as the prisoner alleges facts to show that his medical need is sufficiently "serious" such that the "failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain." Id. (internal quotation marks and citation omitted); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc). The subjective component requires the prisoner to allege facts showing a culpable mental state, specifically, "deliberate indifference to a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 836 (1970). The indifference must be substantial, and inadequate treatment due to malpractice, or even gross negligence does not rise to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Indifference "may appear when prison officials deny, delay, or intentionally

7

interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Tracey v. Sacramento Cnty. Sheriff, 2008 WL 154607, at *2 (E.D. Cal. Jan. 15, 2008) (quoting Hutchinson v. U.S., 838 F.2d 390, 392 (9th Cir. 1988)).

"Mere delay of medical treatment, without more, is insufficient to state a claim of deliberate medical indifference." Robinson v. Catlett, 725 F. Supp. 2d 1203, 1208 (S.D. Cal. July 19, 2012) (quoting Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). To state a claim for deliberate indifference arising from a delay in treatment, a prisoner must allege that the delay was harmful, although an allegation of substantial harm is not required. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991), overruled on other grounds by, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Factual allegations indicating that the official "sat idly by as [the prisoner] was seriously injured despite the defendant's ability to prevent the injury" or that the official "repeatedly failed to treat an inmate properly . . . strongly suggests that the defendant's actions were motivated by 'deliberate indifference' to the prisoner's medical needs." Id. at 1060-61. "In sum, the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established 'deliberate indifference' on the part of the defendant." Id. at 1061. Isolated incidents relative to a plaintiff's overall treatment suggests no deliberate indifference. Id. at 1060.

### 1. Objective Prong

Plaintiff satisfies the objective prong of the test for an Eighth Amendment violation. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Nawabi v. Wyatt, 2009 WL 3514849, at *7 (C.D. Cal., Oct. 26, 2009) (citing Estelle, 429 U.S. 97 at 104). In considering the seriousness of an alleged medical need, courts should consider whether (1) a reasonable doctor would think that the condition is worthy of comment or treatment; (2) the condition significantly affects the prisoner's daily activities; and (3) the condition is chronic and accompanied by substantial pain. Id. (citing Doty v. County of Lassen, 37 F.3d 540 at 546 n.3) (9th Cir. 1994).

Here, the Court must accept as true that Plaintiff fell down and seriously injured his neck which resulted in the need for surgery. SAC at 4-6. In addition, Plaintiff had to endure substantial pain for several months until his injury was properly diagnosed and the surgery was performed. Id. at 5. A reasonable doctor is likely to think that an injury that requires cervical spine surgery is worthy of comment or treatment. Plaintiff alleges that his injury affects his daily activities, as he suffers extreme pain in his back and legs and believes that he needs the use of a walker to get around. Id. at 6. Under these facts, Plaintiff states a plausible allegation of a "serious illness or injury." McGuckin, 974 F.2d at 1061-62 (finding that a prisoner's herniated nucleus pulposus, which required surgery, is sufficiently serious for Eighth Amendment purposes).

### 2. Subjective Prong

Plaintiff has failed to allege facts supporting his claim that Defendant Ortega was deliberately indifferent to a substantial risk of serious harm to Plaintiff resulting from his medical care after his fall on the track. Plaintiff's SAC states that he had to wait for nine days after his fall for his initial doctor's visit and that he saw a "bonafide" doctor, Dr. Qazi, almost three months later on June 20, 2015. Id. at 5. Plaintiff makes no mention of Defendant Ortega's role in his injury or delayed medical treatment at all except to say that "[i]t is, without any doubt to the common layman, the fault of Defendant Ortega that Plaintiff continues to suffer from delayed treatment after the accident on March 11, 2015." Id. at 2.

As such, Plaintiff has not alleged facts establishing the subjective prong of an Eighth Amendment deliberate indifference to medical care claim. In the Court's April 2017 order, the Court clearly stated the requirements for alleging an Eighth Amendment violation and described how and why Plaintiff's allegations were insufficient. ECF No. 57 at 15-20. Judge Sammartino adopted Judge Major's reasoning, but allowed Plaintiff another opportunity to amend his complaint to provide additional facts supporting his claim against Defendant Ortega. ECF No. 63 at 6. Plaintiff has failed to provide any additional factual allegation and has failed to state any facts supporting a constitutional violation against Dr. Ortega. See SAC. Because Plaintiff has unsuccessfully attempted to state a claim against Dr. Ortega three times, the Court

9

**RECOMMENDS** that Defendants' motion to dismiss Plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs against Defendant Ortega be **GRANTED WITHOUT LEAVE TO AMEND**.  See Ramirez, 334 F.3d at 861 (court may dismiss without leave to amend if the pleading cannot be cured by the addition of other facts).

**B.    Defendant Beltran**

In her "ORDER: (1) ADOPTING R&R; AND (2) DISMISSING PLAINTIFF'S COMPLAINT," Judge Sammartino gave Plaintiff the opportunity to amend his complaint "to attempt to plead a declaratory judgment claim, if any."  ECF No. 63 at 7.  Judge Sammartino explained that "it appears here that Plaintiff seeks to challenge the policy Beltran followed itself rather than Beltran's specific decision under that alleged policy. It may well be, as Defendants suggest, that Plaintiff will be unable to state a claim even as against the policy itself.  But the Court will at least grant Plaintiff an opportunity to present that claim in an amended complaint."  ECF No. 63 at 7.  Plaintiff has failed to do so.  Nowhere in the SAC does Plaintiff mention a policy that Defendant Beltran did or did not follow or that was unconstitutional in some way.  SAC. Accordingly, the Court **RECOMMENDS** Defendants' motion to dismiss Plaintiff's claims against Defendant Beltran be **GRANTED WITHOUT LEAVE TO AMEND**.

<u>**CONCLUSION**</u>

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an order: (1) approving and adopting this Report and Recommendation, (2) granting Defendants' Motion to Dismiss, and (3) dismissing the claims against Defendant Ortega and the declaratory relief claim against Defendant Beltran.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than <u>January 19, 2018</u>**.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with this Court and served on all parties **no later than <u>February 9, 2018</u>**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

16cv84-JLS (BLM)

## II.  **MOTION TO FILE A THIRD AMENDED COMPLAINT**

On October 2, 2017, Plaintiff filed a document entitled "OBJECTION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT" which the Court interpreted to be both an opposition and a motion to file a TAC.   ECF No 72 ("Oppo.").   On November 6, 2017, Plaintiff filed a "MOTION FOR CLARIFICATION AND CORRECTION."  ECF No. 75.  Considering these two documents together, it appears that Plaintiff's first filing was not an opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint but was a request to file a Third Amended Complaint.  In light of the Court's misinterpretation of Plaintiff's pleading, and given the Court's analysis set forth above, the Court will give Plaintiff another opportunity to address the deficiencies identified by Defendants and the Court.

On or before **January 19, 2018**, Plaintiff may file a TAC.  The TAC must incorporate the findings set forth in the Court's Report and Recommendation dated April 4, 2017, Judge Sammartino's order dated July 10, 2017, and this Report and Recommendation.  Plaintiff is reminded that the TAC must contain all relevant claims and Defendants.  See Ruiz v. Esquibel, 2007 WL 935171, at *4 (S.D. Cal. Mar. 1, 2007) (noting that "Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.") (internal citations omitted); see also Schwartzmiller v. Rodriguez, 2017 WL 4227267, at *4 (S.D. Cal. Sept. 22, 2017) (same) (citing Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); and S.D. CA. CIV. L R. 15.1(a) ("[e]very pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading").  Defendants may challenge Plaintiff's TAC on or before **February 9, 2018**.

## II.  **PLAINTIFF'S REQUEST FOR CLARIFICATION AND CORRECTION**

Plaintiff seeks clarification and an order regarding his motion for appointment of counsel and extension of time.  Id.  Plaintiff states that he has not seen his most recent motion for appointment of counsel or request for extension of time on the docket.  Id.  Additionally, Plaintiff

16cv84-JLS (BLM)

states that he requested a copy of the local rules and did not receive a response.  <u>Id.</u>
Accordingly, Plaintiff seeks a ruling on these requests.  <u>Id.</u>

A.  <u>Request for Counsel</u>

Plaintiff states that he has not seen his most recent motion for appointment of counsel on the docket.  Plaintiff has filed five requests for counsel.  <u>See</u> ECF Nos. 3, 32, 44, 48, and 65. The last request for counsel received by the Court was on July 18, 2017.  ECF No. 66.  The Court denied Plaintiff's request on July 28, 2017.  <u>Id.</u>  As such, there is no pending motion for appointment of counsel.  If Plaintiff files a sixth request, he must provide facts and argument establishing the requisite "exceptional circumstances."  <u>Agyeman v. Corr. Corp. of Am.</u>, 390 F.3d 1101, 1103 (9th Cir. 2004) (noting that under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances" and that a finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'").

B.  <u>Request for Local Rules</u>

Plaintiff alleges that he submitted a request for a copy of the local rules that was not addressed.  The Court is not clear where Plaintiff presented this request.  There is no pending motion on the docket requesting a copy of the Local Rules and if it was included in another pleading, the Court is unclear which pleading the request is contained in.  However, the Court will **GRANT** Plaintiff's current request for a copy of the Local Rules.  Accordingly, the Clerk's Office is **ORDERED** to mail a copy of the Civil Local Rules for the United States District Court Southern District of California to Plaintiff along with a copy of this Order.

///
///
///
///
///
///

16cv84-JLS (BLM)

C. <u>Request for Extension of Time</u>

Plaintiff asks for additional time to file a TAC. As set forth above, this request is **GRANTED**. If Plaintiff decides to file a TAC, he must do so by **January 19, 2018**.

**IT IS SO ORDERED.**

Dated: 12/13/2017

Hon. Barbara L. Major
United States Magistrate Judge

16cv84-JLS (BLM)