UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO REYES,<br><br>                       Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>                       Defendants. | Case No.: 16-CV-84 JLS (BLM)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT: AND (3) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF Nos. 70, 76, 79) |

Presently before the Court are Defendants R. Ortega, R. Beltran, and R. Madden's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim, (ECF No. 70). Also before the Court are (1) Magistrate Judge Barbara L. Major's Report and Recommendation ("R&R") recommending that the Court grant Defendants' motions to dismiss, (ECF No. 76); and Plaintiff Pedro Reyes's Objections to the R&R, ("R&R Objs.," ECF No. 78). Defendants did not file a reply. After considering the parties' arguments and the law, the Court rules as follows.

/ / /

## BACKGROUND

Judge Major's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion to Dismiss. (*See* R&R 1–5.)[1] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

### I. Summary of the R&R Conclusion

A brief summary of this case's procedural history is relevant here. On January 5, 2016, Plaintiff filed a complaint alleging violations of the Civil Rights Act, 42 U.S.C. § 1983. (ECF No. 1.) Defendants filed a motion to dismiss, (ECF No. 19), and Plaintiff requested leave to amend his complaint, (ECF No. 30). This Court granted Plaintiff's motion to amend and denied as moot Defendants' motion to dismiss. (ECF No. 36.) On July 25, 2016, Plaintiff filed his First Amended Complaint, ("FAC," ECF No. 37), and alleged Defendants Madden, Ortega, Beltran, and Does 1 through 6 violated his Eighth Amendment rights. (R&R 2.) Plaintiff alleged that he was forced to endure unsafe prison conditions, was denied adequate medical care, and suffered cruel and unusual punishment.

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

(*See generally* FAC.) On April 4, 2017, Judge Major issued a Report and Recommendation that concluded that Plaintiff failed to state a claim for deliberate indifference against Defendants Ortega, Madden, and Beltran. ("Prior R&R," ECF No. 57.) This Court adopted Judge Major's prior R&R, dismissed all Plaintiff's claims, but granted Plaintiff leave to amend so that he could plead a declaratory relief claim first raised in his prior objections to the prior R&R. ("Prior Order," ECF No. 63.)

On August 10, 2017, Plaintiff filed his Second Amended Complaint, ("SAC," ECF No. 69), which again names Defendants Ortega, Madden, and Beltran and the Doe Defendants in the caption. (R&R 3–4.) On August 30, 2017, Defendants filed the pending Motion to Dismiss. (ECF No. 70.) Defendants moved to dismiss only two portions of Plaintiff's SAC: his Eighth Amendment deliberate indifference claim against Defendant Ortega and his declaratory relief claim against Defendant Beltran. (*See* ECF No. 70-1.) Judge Major's R&R addresses both issues.

First, Judge Major recommends the Court dismiss Plaintiff's deliberate indifference allegations against Defendant Ortega because they lack specificity how Defendant Ortega violated Plaintiff's rights. (R&R 7.) In the "Parties" section of the SAC, Plaintiff states "Defendant Ortega is a medical doctor, who at all times relevant hereto was assigned to Centinela State Prison." (*Id.* (quoting SAC 4).) The only other reference to Defendant Ortega in the entire SAC is Plaintiff's statement that "[i]t is, without any doubt to the common layman, the fault of Defendant Ortega that Plaintiff continues to suffer from delayed treatment after the accident on March 11, 2015." (*Id.* (quoting SAC 2).)

Judge Major found that Plaintiff satisfies the objective prong of the test for an Eighth Amendment "deliberate indifference" violation because the Court must accept as true Plaintiff's allegations that he fell down and seriously injured his neck, resulting in the need for surgery. (*Id.* at 8–9.) However, Judge Major found that Plaintiff failed to meet the subjective prong because he simply has not alleged any facts describing Defendant Ortega's role in his medical treatment. (*Id.* at 9.) Thus, Judge Major recommends that the Court grant Defendants' motion to dismiss Plaintiff's Eighth Amendment claim of

deliberate indifference against Defendant Ortega without leave to amend. (*Id.* at 10.)

Second, this Court previously allowed Plaintiff to amend his complaint to plead a declaratory judgment claim against Defendant Beltran as to the "constitutionality of the policy, practice, or custom Beltran might have been complying with." (Prior Order 7.) The Court reasoned that it appeared that Plaintiff sought to challenge a policy Defendant Beltran followed rather than Beltran's decision to follow that policy. (*Id.*) Thus, the Court concluded that it would be appropriate to allow Plaintiff the opportunity to amend his complaint to address the policy itself. Judge Major concludes that, despite the opportunity to state a claim for declaratory judgment, Plaintiff fails to mention any policy that Defendant Beltran did or did not follow, or a policy that was unconstitutional in some way. (R&R 10.) Because Plaintiff does not identify any policy, Judge Major recommends Plaintiff's claims against Defendant Beltran be dismissed without leave to amend. (*Id.*)

## II. Summary of Plaintiff's Objections

Plaintiff mailed a document to the Clerk of Court on January 16, 2018, which was filed January 18, 2018. That document contains both objections to the R&R and what appears to be Plaintiff's third amended complaint. For reasons discussed in the Conclusion, the Court construes the January 18, 2018 document as only Plaintiff's objections, not an amended complaint.

Plaintiff objects to Judge Major's R&R on two grounds. First, Plaintiff appears to argue that Defendant Ortega was responsible for Plaintiff's care, Plaintiff sustained injuries resulting in surgery, and therefore Defendant Ortega violated Plaintiff's constitutional rights. (R&R Objs. 1.) Plaintiff points to Judge Major's prior R&R where she recognized that Plaintiff met the objective prong for a deliberate indifference claim. (Id.) He argues that Defendant Ortega was the "attending Doctor when [Plaintiff] went to see [Defendant Ortega] about his injuries" and "Dr. Ortega was responsible for [Plaintiff's] woulds [sic] and injuries." (*Id.*) Plaintiff reiterates that Defendant Ortega's medical assistance was "way below standard." (*Id.* at 3.)

Second, Plaintiff states the following as to Defendant Beltran: "that defendant was

the first one to deniy [sic] me any kind of assistance in the matter nad [sic] is liable for them [sic] actions under the law and should be put on the first addresses in the court asking why he never acted according to law." (*Id.* at 4.) Plaintiff does not further address Defendant Beltran in his objections.

### III. Court's Analysis

The Court will review, *de novo*, those parts of the R&R to which Plaintiff objects.

#### A. *Defendant Ortega*

Plaintiff alleges that he suffered from delayed treatment after his accident, due to Defendant Ortega's actions. (R&R 7.) Further, his objections to Judge Major's R&R again reiterate that Defendant Ortega's medical assistance was "way below standard." (R&R Objs. 1.) Thus, Plaintiff's SAC seeks to state a claim for deliberate indifference under the Eighth Amendment.

An inmate has an Eighth Amendment right to adequate physical and mental health care. *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). "To establish unconstitutional treatment of a medical condition . . . a prisoner must show deliberate indifference to a "serious" medical need. *Id.* (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference to the serious medical needs of an inmate is inconsistent with the basic standards of human decency and antithetical to the Eighth Amendment's proscription of "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

A determination of deliberate indifference to a serious medical need involves a two-step analysis consisting of both objective and subjective inquiries. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could "result in further significant injury" or "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent. *Id.* (citing *McGuckin*, 974 F.2d at 1059–60).

Deliberate indifference consists of (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. *Id.* Such indifference may be manifested when "prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). This standard is one of subjective recklessness. *Farmer*, 511 U.S. at 839–40. "To satisfy this subjective component of deliberate indifference, the inmate must show that prison officials 'kn[e]w [] of and disregard[ed]' the substantial risk of harm, but the officials need not have intended any harm to befall the inmate; 'it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (alterations in original) (quoting *Farmer*, 511 U.S. at 837, 842). "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)); *see Estelle*, 429 U.S. at 106.

Here, Plaintiff meets the "serious medical need" element because he alleges that he fell down and seriously injured his neck, eventually resulting in surgery. (SAC 4–6.) Judge Major reaches the same conclusion in her R&R. (R&R 9.) Plaintiff's objections recognized that Judge Major found he had a serious medical need. (R&R Objs. 1.) The Court turns to the subjective component of the deliberate indifference test.

The Court begins by briefly describing the relevant procedural history of this case. Plaintiff's FAC contained detailed allegations against Defendant Ortega. (*See* FAC.) Judge Major's first R&R determined that Plaintiff failed to allege sufficient facts to meet the subjective prong for deliberate indifference. (*See* Prior R&R 17–20.) This Court agreed with Judge Major and expressed its serious doubt that Plaintiff could re-plead his claims against Defendant Ortega, but allowed Plaintiff the opportunity to amend his complaint. (Prior Order 5.) Moreover, the Court also discussed the general rule that "an

amended complaint supersedes the original complaint." (*Id.* (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)).) The Court explained that "[o]nce Plaintiff files an amended complaint, the original pleadings no longer serve any function in the case." (*Id.* (quoting *Loux*, 375 F.2d at 57).) This means that once Plaintiff filed his SAC, the contents of the SAC replaced the contents of the FAC—there is no carryover between the documents.

Despite this warning, Plaintiff's SAC barely mentions Defendant Ortega, much less explain how Defendant Ortega's actions meet the subjective deliberate indifference prong. Instead, Plaintiff states that "[i]t is, without any doubt to the common layman, the fault of Defendant Ortega that Plaintiff continues to suffer from delayed treatment after the accident on March 11, 2015." (SAC 2.) This is precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has held is insufficient under Federal Rule of Civil Procedure 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's allegations are conclusory and devoid of facts explaining how Defendant Ortega was deliberately indifferent towards him.

Plaintiff's objections do not change the Court's conclusion. Plaintiff states that "Dr. Ortega was responsible for my woulds [sic] and injuries from the time he saw Plaintiff till Plaintiff was releas[ed] by the hospital." (R&R Objs. 1.) The subjective element of deliberate indifference is a difficult standard; Plaintiff must show, by well-pled factual allegations, that Defendant Ortega knew of and disregarded a substantial risk of harm. *See Lemire*, 726 F.3d at 1074. Instead, both Plaintiff's SAC and his objections do not address Defendant Ortega's subjective state of mind. At most, Plaintiff's allegations demonstrate that Defendant Ortega was responsible for his care, but do not address Defendant Ortega's subjective awareness of Plaintiff's condition. *See Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Accordingly, the Court **OVERRULES** Plaintiff's first Objection and **ADOPTS** Judge Major's R&R as to

Plaintiff's claims against Defendant Ortega.

### *B. Defendant Beltran*

In its Prior Order, this Court allowed Plaintiff to re-plead a declaratory relief claim against the policy, practice, or custom that Defendant Beltran might have been complying with. (Prior Order 7.) Judge Major concludes that Plaintiff's SAC does not mention a policy that Defendant Beltran did or did not follow. (R&R 10.) Plaintiff objects to the R&R because Defendant Beltran denied Plaintiff "any kind of assistance." (R&R Objs. 4.)

The Court agrees with Judge Major that Plaintiff does not address a policy that Defendant Beltran did or did not adhere to. Instead, Plaintiff alleges that Defendant Beltran was deliberately indifferent because Defendant Beltran deprived Plaintiff of immediate medical assistance. (SAC 5.) Defendant Beltran allegedly made Plaintiff return to his cell after Plaintiff was carried to the infirmary and Defendant required Plaintiff to wait nine days before he was seen by a medical professional. (*Id.* at 5–6.) Plaintiff also alleges that Defendant Beltran was untrained in the medical profession. (*Id.* at 6.) Thus, Plaintiff's allegations attempt to state a deliberate indifference claim against Defendant Beltran—not that Beltran adhered or failed to adhere to a policy. The Court analyzes Plaintiff's deliberate indifference claim here.

Neither Defendants[2] nor Judge Major specifically addressed Plaintiff's deliberate indifference claim against Defendant Beltran. However, Judge Major's prior R&R discussed why Plaintiff failed to state a claim against Defendant Beltran for deliberate indifference. (Prior R&R 24–25.) The Court quotes Judge Major's prior opinion at length:

> Defendant Beltran provided medical care, informed Plaintiff of how to obtain an appointment with a doctor, and did not deny, delay, or intentionally interfere with medical treatment. *See Hartsfield v. Colburn*, 491 F.3d 394, 398 (8th Cir. 2007) (affirming District Court's finding in favor of defendants where

---

[2] The Court acknowledges Defendants did address the deliberate indifference claims against Defendant Beltran in their motion to dismiss Plaintiff's third amended complaint. (*See* ECF No. 79-1, at 14–16.) Because the Court denies the pending motion as moot, *see infra* Conclusion, the Court addresses the claims against Defendant Beltran here.

> plaintiff alleged deliberate indifference due to a prison policy requiring him to submit a second sick call request to receive medical treatment that resulted in a very painful delay before having three teeth extracted, and noting that the District Court found that "[s]ick call requests were Jail policy, and it was not unreasonable for medical staff to tell Hartsfield how to request more medical attention and expect him to comply"); *see also Jenkins v. Cnty. of Hennepin*, 557 F.3d 628, 633–34 (8th Cir. 2009) (stating that "a policy that results in delayed treatment is not unconstitutional unless it evinces deliberate indifference to serious medical needs. The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish") (citing *Johnson v. Hamilton*, 452 F.3d 967, 972–73 (8th Cir. 2006) (concluding that a one-month delay in treating a fractured finger did not rise to a constitutional violation)). Moreover as discussed above, Plaintiff was examined by Dr. Ortega within a few days of his fall. *See* FAC at 6. Again, even if Defendant Beltran's treatment of Plaintiff was found to be negligent or consisted of malpractice, neither of those rise to the level of a constitutional violation.

(*Id.* at 25.) Judge Major's analysis is equally applicable to Plaintiff's SAC.

Plaintiff's SAC must show, by well-pled factual allegations, that Defendant Beltran knew of and disregarded a substantial risk of harm. *See Lemire*, 726 F.3d at 1074. Here, Plaintiff alleges that Defendant Beltran deprived Plaintiff immediate medical assistance. (SAC 5.) Plaintiff's SAC reveals that Plaintiff was injured on March 11, 2015, was taken to the infirmary, received initial triage at the infirmary, and then Defendant Beltran refused to treat Plaintiff[3] until he returned to his cell to fill out the proper prison forms. (*Id.* at 4–5.) Plaintiff was not seen by Dr. Qazi (who is not a party to these proceedings) until June 20, 2015 and was sent to surgery two days later. (*Id.* at 5.) At most, these allegations demonstrate a delay in Plaintiff's initial treatment with Defendant Beltran until he was later

---

[3] The Court notes that Plaintiff's FAC alleged that he received "600 mg. of motrin/ibuprofen" from Defendant Beltran, (FAC 5), which suggests Plaintiff received at least some level of care from Defendant Beltran. Yet, Plaintiff's objections state that he did not receive any care from Defendant Beltran. (R&R Objs. 4.) The Court need not resolve this discrepancy because Plaintiff has not demonstrated facts sufficient to explain Defendant Beltran's subjective intent.

seen by Defendant Ortega and Dr. Qazi. Yet, delay alone is not sufficient to state a claim for deliberate indifference. *See Johnson*, 452 F.3d at 972–73. Even if Defendant Beltran was negligent in his care of Plaintiff, negligence alone does not constitute deliberate indifference. *See Hamby*, 821 F.3d at 1092. Plaintiff's allegations do not speak to Defendant Beltran's subjective knowledge of Plaintiff's medical situation. Nor do the allegations explain how Defendant Beltran acted or failed to act on his knowledge. *See Lemire*, 726 F.3d at 1074.

The Court finds Plaintiff fails to state a claim for deliberate indifference against Defendant Beltran. Furthermore, as Judge Major notes, Plaintiff does not address Defendant Beltran's adherence (or failure to adhere to) a policy. Thus, the Court **OVERRULES** Plaintiff's second Objection and **ADOPTS** Judge Major's R&R as to Plaintiff's claims against Defendant Beltran.

### C. Defendant Madden

Defendants' Motion to Dismiss, (ECF No. 70), does not address Plaintiff's claims against Defendant Madden, the warden at Centinela State Prison.[4] Consequently, Judge Major's R&R does not address Plaintiff's claims against Defendant Madden. Yet, Plaintiff's SAC addresses some factual allegations towards "Defendant, Warden of Centinela State Prison['s] fail[ure] to properly train and manage the Medical Trainee Assistance (Beltran) for emergency medical needs, and the management of road repairs that badly needed attention because they were unsafe (as they were found to be in this instant cause and matter)." (SAC 5.)

The Court resolves Plaintiff's claims against Defendant Madden as follows. In its prior Order, this Court adopted Judge Major's prior R&R and dismissed all Defendants, including Defendant Madden. (Prior Order 7.) Judge Major's prior R&R discussed at length Plaintiff's allegations against Defendant Madden and how Plaintiff failed to state a

---

[4] The Court again acknowledges that Defendants address Plaintiff's claims against Defendant Madden in their pending motion to dismiss, (*see* ECF No. 79-1, at 10–14). Because the Court denies the pending motion as moot, the Court addresses the claims against Defendant Madden here.

claim for deliberate indifference. (*See* Prior R&R 7–15.) As to Plaintiff's "management of road repairs" argument, his SAC alleges fewer facts than the FAC, (*compare* FAC 3 *with* SAC 5), and does not address the deficiencies highlighted in Judge Major's prior R&R.

Plaintiff also alleges that Defendant Madden "failed to properly train and manage" Defendant Beltran. (SAC 5.) As Judge Major previously discussed, a supervisor is only liable under 42 U.S.C. § 1983 when the supervisor was either personally involved in the constitutional deprivation or there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. (Prior R&R 14 (quoting *Henry v. Sanchez*, 923 F. Supp. 1266, 1272 (C.D. Cal. 1996)).) Because Plaintiff has not sufficiently alleged that Defendant Beltran (or any other Defendant) has violated his constitutional rights, Defendant Madden—in his capacity as Defendant Beltran's supervisor—cannot be liable for violating Plaintiff's rights. Thus, the Court finds that Judge Major's prior analysis, adopted by this Court, applies with equal weight and Plaintiff's claims against Defendant Madden must be dismissed.[5]

## CONCLUSION

In light of the foregoing, the Court (1) **OVERRULES** Plaintiff's Objections; (2) **ADOPTS** Judge Major's R&R in its entirety except as noted below, (ECF No. 76); and (3) **GRANTS** Defendants' Motion to Dismiss, (ECF No. 70). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Second Amended Complaint, (ECF No. 69).

On January 16, 2018, Plaintiff mailed a document that was docketed twice: once as an objection to the R&R and once as a Third Amended Complaint, (*compare* ECF No. 77 *with* ECF No. 78). In her R&R, Judge Major interpreted Plaintiff's objection to

---

[5] Though Defendants have not moved to dismiss the claims against Defendant Madden, the Court may *sua sponte* screen Plaintiff's SAC under the Prison Litigation Reform Act "at any time." 28 U.S.C. § 1915(e)(2); *see Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("This 'at any time' language strongly suggests that the court's power does not exist solely at the screening stage provided for in § 1915A, but at all stages of the case.").

Defendants' Motion as both an opposition and a motion to file a third amended complaint and set a briefing schedule for Plaintiff's third amended complaint. (R&R 11.) Understandably, Defendants then filed a motion to dismiss Plaintiff's "third amended complaint." (ECF No. 79.) The parties have fully briefed Defendants' Motion to Dismiss. (*See* ECF Nos. 81, 82, 85.)

However, Plaintiff could not have filed an operative third amended complaint while his Second Amended Complaint had an R&R pending before this Court. Moreover, Plaintiff did not have the benefit of this Court's Order when drafting his third amended complaint. Therefore, because Plaintiff's third amended complaint, (ECF No. 77), is not properly before this Court, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss Plaintiff's third amended complaint, (ECF No. 79). The Court emphasizes that it does not consider Plaintiff's January 16, 2018 document to be his third amended complaint. The Court will allow Plaintiff to amend his complaint and re-file a third amended complaint.

The Court entertains serious doubts concerning Plaintiff's ability to cure the deficiencies outlined in Judge Major's R&R as well as in this Order. Plaintiff has filed multiple complaints with similar factual allegations and each time has filed fewer factual allegations than the prior complaint. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (stating that a district court may deny leave to amend due to a litigant's "repeated failure to cure deficiencies by amendments previously allowed").

However, the Court will allow Plaintiff to amend his complaint. Plaintiff **MAY FILE** a Third Amended Complaint, if any, <u>on or before forty-five (45) days from the date on which this Order is electronically docketed</u>. The Court cautions Plaintiff that should he choose to file a Third Amended Complaint, it must be complete by itself and that any claim, against any defendant not re-alleged will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). This means that the Court cannot consider any of Plaintiff's previously alleged claims unless he includes them in an amended complaint. *Failure to file an amended*

*complaint within the time allotted may result in a dismissal of Plaintiff's case with prejudice.*

**IT IS SO ORDERED.**

Dated: April 23, 2018

*[signature]*
Hon. Janis L. Sammartino
United States District Judge