UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO REYES,<br><br>                          Plaintiff,<br>v.<br>EDMUND G. BROWN, JR., et al.,<br>                         Defendants. | Case No.: 16cv84-JLS (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED**<br><br>**[ECF Nos. 90, 91]** |

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** that Defendants' Motion to Dismiss [see ECF No. 91] be **GRANTED**.

**PROCEDURAL BACKGROUND**

This case commenced on January 5, 2016, when Plaintiff Pedro Reyes, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants Brown, Ortega, and Madden. ECF No. 1 ("Comp."). Plaintiff alleged claims under the Eighth and Fourteenth Amendments. Id. at 3-18. A detailed recitation of the

procedural history is set forth in this Court's Report and Recommendation dated December 13, 2017. ECF No. 76. The more recent and relevant procedural history is set forth below.

On December 13, 2017, this Court issued a Report and Recommendation for "Order Granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") for Failure to State a Claim for Which Relief May be Granted." Id. The Court's December 13, 2017 Report and Recommendation also included an "Order (1) Granting Plaintiff's Request for Additional Time to File a Third Amended Complaint, (2) Granting Plaintiff's Request for Copy of the Local Rules, and (3) Clarifying the Status of the Pleadings." Id. This Court's R&R found that Plaintiff's SAC did not allege facts supporting Plaintiff's contention that Defendant Ortega was deliberately indifferent to Plaintiff's serious medical needs. Id. at 9-10. As a result, the Court again found that Plaintiff's SAC still failed to state a declaratory judgment claim and again recommended dismissal of this claim. Id. at 10.

On January 18, 2018, Plaintiff filed a document titled "Third Amended Complaint Objections to Matters Address by This Court And Demand for Jury Trial," which was docketed twice: once as Plaintiff's Third Amended Complaint [ECF No. 77] and once as an objection to the Court's December 13, 2017 Report and Recommendation [ECF No. 78]. On February 9, 2019, Defendants filed a Motion to Dismiss for Failure to State a Claim Plaintiff's Third Amended Complaint. ECF No. 79. On April 23, 2018, Judge Sammartino issued an "Order: (1) Adopting Report and Recommendation; (2) Dismissing Plaintiff's Second Amended Complaint; and (3) Denying as Moot Defendants' Motion to Dismiss." ECF No. 86. Judge Sammartino's Order overruled Plaintiff's objections and granted Defendants' Motion to Dismiss dismissing without prejudice Plaintiff's Second Amended Complaint. Id. at 11. With respect to the document docketed as Plaintiff's Third Amended Complaint [ECF No. 77], Judge Sammartino found that "Plaintiff could not have filed an operative third amended complaint while his Second Amended Complaint had an R&R pending before this Court. . .The Court emphasize[d] that it d[id] not consider Plaintiff's January 16, 2018 document to be his third amended complaint. The Court [] allow[ed] Plaintiff to amend his complaint and re-file a third amended complaint." ECF No. 86 at 12.

Judge Sammartino noted:

> The Court entertains serious doubts concerning Plaintiff's ability to cure the deficiencies outlined in Judge Major's R&R as well as in this Order. Plaintiff has filed multiple complaints with similar factual allegations and each time has filed fewer factual allegations than the prior complaint. (internal citation omitted).

Id.

On June 18, 2018, Plaintiff filed his Third Amended Complaint ("TAC"),[1] which is currently before the Court. ECF No. 90. On July 5, 2018, Defendants Beltran, Madden, and Ortega filed a Motion to Dismiss the TAC for Failure to State a Claim. ECF Nos. 91 and 91-1. In the Motion to Dismiss, Defendants allege that the TAC fails to state a claim because it does not allege any facts demonstrating that Madden and Beltran violated Plaintiff's Constitutional rights nor does it allege facts that would establish an Eighth Amendment claim against Ortega for deliberate indifference to Plaintiff's medical needs. ECF No. 91-1 at 2.

## **COMPLAINT ALLEGATIONS**

Because this Court is resolving a motion to dismiss, the Court must accept as true all material factual allegations in the complaint, and must construe the facts in the complaint and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

According to the TAC, Plaintiff alleges that "defendant Ortega did in fact, violate Plaintiff's constitutional rights when he acted with deliberate indifference by not acting with the medical aspects of treatment to his person and leaving [his] condition with a very minimal attention like putting a bandade on a servered finger...." ECF No. 90 at 1. Plaintiff further alleges that "protocol calls for a complete diognistic check-up and tretament according to the established set up by CDCR's medical protocol and humanitarian set of treatments set up by same." Id. Plaintiff also states that he "did fall and [was] in need of competent medical care, and was not given

---

[1] Plaintiff titled the document "fourth amended complaint," however, in accordance with Judge Sammartino's Order: (1) Adopting Report and Recommendation; (2) Dismissing Plaintiff's Second Amended Complaint: and (3) Denying as Moot Defendant's Motion to Dismiss, the Court will construe the document as Plaintiff's Third Amended Complaint. ECF No. 86 at 12-13.

1 this care and the fact that due to this lack of care, Plaintiff's issue got progressively worse and as a consepuence [sic], surgery was necessary and that is the claim of [his] contention...." Id. at 2. Plaintiff alleges that he has established the two prong standard for deliberate indifference "to a serious medical need when Defendant Ortega failed to meet the burden in *Farmer v. Brenner* when Defendant Ortega failed to act in the treatment of Plaintiff when the treatment time laps caused, due to the lack of or failure to administer proper treatment and as such, surgery was necessary to combate [sic] deeper and more serious damage could set in and or further tretment [sic] would be necessary for the condition set forth thereof." Id.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Additionally, for an amended complaint, the document must be complete by itself, and any claim, against any defendant not re-alleged will be considered waived. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. See Fed. R. Civ. P. 12(b)(6). The issue is not whether the plaintiff ultimately will prevail, but whether he has properly stated a claim upon which relief could be granted. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). In order to survive a motion to dismiss, the plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). If the facts alleged in the complaint are "merely consistent with" the defendant's liability, the plaintiff has not satisfied the plausibility standard. Id. (quoting Twombly, 550 U.S. at 557). Rather, "[a] claim has facial plausibility when the [plaintiff] plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting

4

Twombly, 550 U.S. at 556).

When a plaintiff appears *pro se*, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Thompson, 295 F.3d at 895 (9th Cir. 2002). This rule of liberal construction is "particularly important" in civil rights cases. Hendon v. Ramsey, 528 F. Supp. 2d 1058, 1063 (S.D. Cal. 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (stating that because "Iqbal incorporated the *Twombly* pleading standard and *Twombly* did not alter the courts' treatment of *pro se* filings; accordingly we continue to construe *pro se* filings liberally . . . ." This is particularly important where the petitioner is a *pro se* prisoner litigant in a civil matter). When giving liberal construction to a *pro se* civil rights complaint, however, the court is not permitted to "supply essential elements of the claim[] that were not initially pled." Easter v. CDC, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id. (quoting Ivey, 673 F.2d at 268).

The court should allow a *pro se* plaintiff leave to amend his or her complaint, "unless the pleading could not possibly be cured by the allegation of other facts." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation marks and citations omitted). Moreover, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik, 963 F.2d at 1261.

To state a claim under § 1983, a plaintiff must allege facts sufficient to show that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some "rights, privileges, or immunities" protected by the Constitution of the laws of the United States. 42 U.S.C. § 1983. To prevail on a § 1983 claim, "a plaintiff must demonstrate that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of the defendant." Harris v. Schriro,

652 F. Supp. 2d 1024, 1034 (D. Ariz. 2009) (citation omitted). A particular defendant is liable under § 1983 only when the plaintiff proves he participated in the alleged violation. Id.

**A.    Deliberate Indifference to Medical Care Claim Against Defendant Ortega**

Plaintiff alleges that Defendant Ortega violated his constitutional rights by acting with deliberate indifference with regards to Plaintiff's medical treatment. ECF No. 90 at 1. Plaintiff states that "[D]efendant Ortega did in fact, violate Plaintiff's constitutional rights when he acted with deliberate indifference by not acting with the medical aspects of treatment to his person and leaving my condition with a very minimal attention like putting a bandade on a servered finger. . ." Id. Defendants move to dismiss Plaintiff's claims against Defendant Ortega on the ground that Plaintiff's TAC fails to state a claim for relief for Plaintiff's Eighth Amendment deliberate indifference to medical need claim. ECF No. 91-1 at 2. Defendants claim that "[t]here are no specific allegations as to Ortega's alleged unconstitutional behavior. Rather, Plaintiff simply makes a sweeping, generalized claim that he was not given adequate medical care." ECF No. 91-1 at 7.

A prison official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment's proscription against cruel and unusual punishment. See Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (quoting Estelle v. Gamble, 429 U.S. 97, 105 (1976)). A prisoner must satisfy an objective and a subjective requirement to assert an Eighth Amendment violation. Id. The objective requirement is satisfied so long as the prisoner *alleges facts* to show that his medical need is sufficiently "serious" such that the "failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain." Id. (internal quotation marks and citation omitted); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc). The subjective component requires the prisoner to *allege facts* showing a culpable mental state, specifically, "deliberate indifference to a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 836 (1970) (emphasis added). The indifference must be substantial, and inadequate treatment due to malpractice, or even gross negligence does not rise to the level of a constitutional violation. Estelle, 429 U.S. at 106. Indifference "may appear when prison officials deny, delay, or intentionally interfere with

medical treatment, or it may be shown by the way in which prison physicians provide medical care." Tracey v. Sacramento Cnty. Sheriff, 2008 WL 154607, at *2 (E.D. Cal. Jan. 15, 2008) (quoting Hutchinson v. U.S., 838 F.2d 390, 392 (9th Cir. 1988)).

"Mere delay of medical treatment, without more, is insufficient to state a claim of deliberate medical indifference." Robinson v. Catlett, 725 F. Supp.2d 1203, 1208 (S.D. Cal. July 19, 2012) (quoting Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). To state a claim for deliberate indifference arising from a delay in treatment, a prisoner must allege that the delay was harmful, although an allegation of substantial harm is not required. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991), overruled on other grounds by, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Factual allegations indicating that the official "sat idly by as [the prisoner] was seriously injured despite the defendant's ability to prevent the injury" or that the official "repeatedly failed to treat an inmate properly ... strongly suggests that the defendant's actions were motivated by 'deliberate indifference' to the prisoner's medical needs." Id. at 1060-61. "In sum, the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established "deliberate indifference" on the part of the defendant." Id. at 1061. Isolated incidents relative to a plaintiff's overall treatment suggest no deliberate indifference. Id. at 1060.

### I. **Objective Prong**

In the Court's first and second Report and Recommendations, the Court provided a lengthy summary of the law governing Plaintiff's claim against Dr. Ortega. See ECF No. 57 at 15-21 and ECF No. 76 at 7-10. That law continues to govern Plaintiff's current claim against Dr. Ortega. In the first two Report and Recommendations, the Court found that Plaintiff had satisfied the objective requirement of alleging a serious medical need when he alleged that he fell, hurt his neck, and ultimately required surgery. See ECF No. 57 at 16-17 and ECF No. 76 at 8-9; see also Lopez, 203 F.3d at 1131-32.

Here, Plaintiff's allegations in the TAC do not specify the nature of the injury or provide factual support for Plaintiff's claim of deliberate indifference. See ECF No. 90. Though Plaintiff

7

mentions his "condition" and vaguely references a surgery and experiencing pain, he does not set forth any factual allegations demonstrating that he has a serious medical need. Id. While Plaintiff did allege sufficient factual detail to meet the objective prong in his First Complaint and Second Amended Complaint, he does not identify or describe his medical need in his TAC.[2] Id. For example, Plaintiff states that Defendant Ortega acted with deliberate indifference by giving him minimal attention like "putting a bandade on a servered finger." ECF No. 90 at 1. Plaintiff alleges that, as a result, he has "continued suffering for that matter with an increase of pain pills." Id. Plaintiff's allegations as set forth in the TAC do not describe with sufficient specificity any facts establishing that Plaintiff had a serious medical need, injury, or illness. See Farmer, 511 U.S. at 834. Therefore, Plaintiff does not meet the objective requirement of a deliberate indifference claim.

## II. **Subjective Prong**

Plaintiff fails to demonstrate that Dr. Ortega was deliberately indifferent to Plaintiff's serious medical needs and thereby also fails to satisfy the subjective element. See Farmer, 511 U.S. at 836; see also Estelle, 429 U.S. at 106. In the Court's first Report and Recommendation, the Court explained to Plaintiff that he failed to satisfy the subjective prong of a deliberate indifference to medical care claim against Defendant Ortega because:

> the medical records establish that Defendant Ortega provided ongoing diagnostic testing and medical care to Plaintiff in an effort to determine the exact extent and cause of his pain and other symptoms. Even accepting as true Plaintiff's allegations that Defendant Ortega discounted his claims and symptoms, at most, the evidence could establish negligence or malpractice, neither of which constitutes a constitutional violation.

ECF No. 57 at 19-20.[3]

---

[2] Judge Sammartino's Order explained that "[t]he Court cautions Plaintiff that should he choose to file a Third Amended Complaint, it must be complete by itself and that any claim, against any defendant not re-alleged will be considered waived." Citing Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

[3] The Report and Recommendation also advised Plaintiff that he could not receive injunctive relief against Defendant Ortega without showing a persistent pattern of misconduct by officials or that there was a "real or immediate threat" that he will be wronged again or that there is a "likelihood of substantial and immediate irreparable injury." ECF No. 57 at 20-21 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). Plaintiff did not reassert this

Judge Sammartino agreed and gave Plaintiff another opportunity to amend his complaint and add more facts. ECF No. 63 at 6. In the Court's second Report and Recommendation, the Court found that Plaintiff's SAC was insufficient because while it alleged that Plaintiff was not seen by a doctor until nine days after his fall and not seen by a "bonafide" doctor for approximately three months, it did not allege facts showing what Dr. Ortega did to cause the delay. ECF No. 76 at 7-9. The Court provided Plaintiff with the applicable law regarding delay and deliberate indifference and explained that Plaintiff must allege specific facts regarding what Dr. Ortega did to violate Plaintiff's constitutional rights. Id. Further, Justice Sammartino's April 23, 2018 Order found that Plaintiff's deliberate indifference claim in his SAC was deficient and instructed:

> The subjective element of deliberate indifference is a difficult standard; Plaintiff must show by well-pled factual allegations, that Defendant Ortega knew of and disregarded a substantial risk of harm. (internal citation omitted). Instead, both Plaintiff's SAC and his objections do not address Defendant Ortega's subjective state of mind. At most, Plaintiff's allegations demonstrate that Defendant Ortega was responsible for his care, but do not address Defendant Ortega's subjective awareness of Plaintiff's condition.

ECF No. 86 at 7.

Plaintiff's TAC does not comply with the Court's repeated instructions and does not fix any of the inadequacies identified by the Court in the First Complaint and Second Amended Complaint. The TAC does not provide any facts regarding Dr. Ortega's medical care nor describe how Dr. Ortega caused the delay in Plaintiff's medical treatment or otherwise provided unconstitutional care. ECF No. 90 at 1-2. Rather, the TAC merely states in general terms that Dr. Ortega was responsible for Plaintiff's injuries, in charge of Plaintiff's medical treatment, and that Dr. Ortega provided inadequate medical care. Id. Plaintiff appears to argue that he has satisfied the subjective prong because he received medical care that was delayed and may have required surgery unnecessarily as a result. Id. at 1. Even if Plaintiff's arguments were properly

---

claim in the TAC and does not seek injunctive relief.

alleged in the TAC, those arguments would not state a constitutional violation as they do not constitute deliberate indifference by Defendant Ortega. Inadequate medical care, even at the level of malpractice or gross negligence, does not establish deliberate indifference. See Estelle, 429 U.S. at 106.

Plaintiff's allegations in the TAC do not state a claim for deliberate indifference by Dr. Ortega. Because Plaintiff has unsuccessfully attempted to state a constitutional claim against Dr. Ortega four times, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs against Defendant Ortega be **GRANTED WITHOUT LEAVE TO AMEND**. See Ramirez, 334 F.3d at 861 (court may dismiss without leave to amend if the pleading cannot be cured by the addition of other facts).

## B. Eighth Amendment Claim Against Defendant Beltran

Plaintiff does not re-assert his Eighth Amendment claim against Defendant Beltran, nor did he mention Defendant Beltran by name in his TAC. See ECF No. 90. The Court has repeatedly told Plaintiff that any claims not re-asserted in the TAC would be considered waived. See e.g., ECF No. 63 at 3; ECF No. 76 at 11; ECF No. 86 at 12. Therefore, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's Eighth Amendment claim against Defendant Beltran be **GRANTED WITHOUT LEAVE TO AMEND**. See Lacy v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); see also Ramirez, 334, F.3d at 861 (court may dismiss without leave to amend if the pleading cannot be cured by the addition of other facts).

## C. Declaratory Judgment Claim Against Defendant Beltran

Plaintiff does not re-assert his Declaratory Judgment claim against Defendant Beltran, nor does he mention Defendant Beltran by name in his TAC. See ECF No. 90. Therefore, for the same reasons as stated above, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's Declaratory Judgment claim against Defendant Beltran be **GRANTED WITHOUT LEAVE TO AMEND**.

### D. **Defendant Madden**

Plaintiff does not re-assert any claims against Defendant Madden, nor does he mention Defendant Madden by name in his TAC. See ECF No. 90. Therefore, for the same reasons as stated above, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's claims against Defendant Madden be **GRANTED WITHOUT LEAVE TO AMEND**.

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an order: (1) approving and adopting this Report and Recommendation, and (2) granting Defendants' Motion to Dismiss, and (3) dismissing all claims against Defendants Ortega, Beltran, and Madden with prejudice.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties on or before **October 29, 2018**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with this Court and served on all parties on or before **November 12, 2018.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: 9/25/2018

Hon. Barbara L. Major
United States Magistrate Judge