1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11    PEDRO REYES,                          Case No.: 16-CV-84 JLS (BLM)

12                           Plaintiff,
                                           **ORDER: (1) OVERRULING**
13    v.                                    **PLAINTIFF'S OBJECTIONS;**
                                            **(2) ADOPTING REPORT AND**
14    EDMUND G. BROWN, JR., et al.,         **RECOMMENDATION; AND**
                                            **(3) DISMISSING PLAINTIFF'S**
15                           Defendants.    **THIRD AMENDED COMPLAINT**

16

17                                          (ECF Nos. 91, 93)

18

19          Presently before the Court is Defendants R. Ortega, R. Beltran, and R. Madden's

20    Motion to Dismiss Plaintiff Pedro Reyes' Third Amended Complaint.[1]  ("Mot.," ECF No.

21    91).   Also before the Court are Magistrate Judge Barbara L. Major's Report and

22

23    _____

24    [1] Plaintiff titled the operative complaint as his "fourth amended complaint." ECF No. 90.  Plaintiff
      previously filed a "third amended complaint" on January 16, 2018, while a motion to dismiss Plaintiff's
25    second amended complaint and a report and recommendation concerning that motion were pending.  ECF
      No. 77.  The Court found that "Plaintiff could not have filed an operative third amended complaint while
26    his [s]econd [a]mended [c]omplaint had a[] [report and recommendation] pending before the Court" and,
      "[t]herefore, Plaintiff's [previous] third amended complaint [was] not [properly] before th[e] Court." ECF
27    No. 86 at 12.  The Court granted Plaintiff leave "to amend his complaint and re-file a third amended
      complaint." *Id.*  Consequently, the Court will construe the operative complaint, ECF No. 90, as Plaintiff's
28    Third Amended Complaint.

                                            1

Recommendation advising the Court to grant the Motion ("R&R," ECF No. 93), Plaintiff's Objections to the R&R ("Objs.," ECF No. 95), Defendants' Reply to Plaintiff's Objections ("Reply," ECF No. 99), and Plaintiff's Sur-Reply ("Sur-Reply," ECF No. 101). After considering the Parties' arguments and the law, the Court (1) **OVERRULES** Plaintiff's Objections, (2) **ADOPTS** the R&R in its entirety, and (3) **GRANTS** Defendants' Motion to Dismiss.

## BACKGROUND

Magistrate Judge Major's R&R dated December 13, 2017, contains a thorough and accurate recitation of the factual and procedural history of this case, *see* ECF No. 76 at 2–4, and Magistrate Judge Major's R&R currently before the Court contains an accurate recitation of the more recent and relevant procedural history underlying the instant Motion. *See* R&R at 2–3. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

### I. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 510 F.2d 196, 206 (9th Cir. 1974)).

### II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil

Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

When a plaintiff appears pro se, the Court construes the pleadings liberally and affords the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). When giving liberal construction to a pro se complaint, however, the Court is not permitted to "supply essential elements of claims that were not initially pled." *Easter v. Cal. Dep't of Corr.*, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (quoting *Ivey*, 673 F.2d at 268) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)). The Court should allow a pro se plaintiff leave to amend "unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130, 1131 (9th Cir. 2000)).

## ANALYSIS

Plaintiff asserts that Defendant Ortega violated his Eighth Amendment rights by acting with deliberate indifference to Plaintiff's serious medical need. Third Amended Complaint ("TAC") at 1, ECF No. 90. Although Plaintiff asserted claims against Defendants Beltran and Madden in his previous complaints, Plaintiff does not appear to reassert his Eighth Amendment claims against either Defendant Beltran or Madden and does not appear to reassert his declaratory judgment claim against Defendant Beltran. *See generally id.*

Defendants move to dismiss Plaintiff's TAC without leave to amend for failure to allege facts sufficient to state (1) an Eighth Amendment claim against Defendant Ortega; and (2) any claims for constitutional violations against Defendants Madden and Beltran. *See generally* Mot. After briefly summarizing Magistrate Judge Major's R&R and Plaintiff's Objections, the Court reviews those portions of the R&R to which Plaintiff objects *de novo*.

///

## I.  Summary of the R&R

Magistrate Judge Major recommends the Court dismiss Plaintiff's deliberate indifference claim against Defendant Ortega because Plaintiff fails to satisfy both the objective and subjective requirements necessary to assert an Eighth Amendment violation. R&R at 7–10.  First, Magistrate Judge Major finds that Plaintiff does not meet the objective prong because Plaintiff fails to "specify the nature of the injury or provide factual support" necessary to satisfy the "objective requirement of alleging a serious medical need." *Id.* at 7.  While Plaintiff's first and second amended complaints alleged "that he fell, hurt his neck, and ultimately required surgery," *id.*, which the Court previously found sufficient to satisfy the objective prong, *id.* (citing ECF No. 57 at 16–17; ECF No. 76 at 8–9), his TAC "do[es] not describe with sufficient specificity any facts establishing that Plaintiff had a serious medical need, injury, or illness." *Id.* at 8 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)).  Accordingly, Magistrate Judge Major concludes that "Plaintiff does not meet the objective requirement of a deliberate indifference claim." *Id.*

Next, Magistrate Judge Major concludes that Plaintiff fails to meet the subjective element of the deliberate indifference standard because Plaintiff fails sufficiently to allege that Defendant Ortega knew of, and yet disregarded, a substantial risk of harm. *Id.* at 8–10.  Magistrate Judge Major finds Plaintiff's allegations, that Defendant Ortega "was responsible for Plaintiff's injuries, in charge of Plaintiff's medical treatment, and that Dr. Ortega provided inadequate medical care," insufficient to meet the subjective prong. *Id.* at 9.  Magistrate Judge Major notes that, even if Plaintiff sufficiently alleged that Defendant Ortega either caused a delay in Plaintiff's medical treatment or provided inadequate medical treatment, those allegations, "even at the level of malpractice or gross negligence, do[] not establish deliberate indifference." *Id.* at 9–10 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Thus, because Plaintiff fails to meet both prongs of the deliberate indifference standard, Magistrate Judge Major recommends that the Court grant Defendants' Motion as to Plaintiff's Eighth Amendment claim against Defendant Ortega. *Id.* at 10.  Because "Plaintiff has unsuccessfully attempted to state a constitutional claim

against [Defendant] Ortega four times," Magistrate Judge Major recommends dismissing Plaintiff's TAC without leave to amend. *Id.*

Finally, Magistrate Judge Major concludes that Plaintiff has failed to state any claims against Defendants Beltran and Madden. *Id.* at 10–11. Magistrate Judge Major concludes that, despite the Court's repeated warnings that any claims not reasserted in the TAC would be considered waived, *id.* at 10 (citing ECF No. 63 at 3; ECF No. 76 at 11; ECF No. 86 at 12), Plaintiff has failed to reassert his Eighth Amendment and Declaratory Judgment claims against Defendant Beltran and has failed to reassert any specific claims against Defendant Madden. *Id.* at 10–11. Therefore, Magistrate Judge Major recommends that the Court grant Defendants' Motion without leave to amend as to Plaintiff's claims against Defendants Beltran and Madden. *Id.* at 11.

## II.    Summary of Plaintiff's Objections

In his Objections to the R&R, Plaintiff makes general objections to Magistrate Judge Major's overall recommendation that the Court dismiss Plaintiff's claims. Plaintiff repeatedly states that the Court must construe all facts in his pleading liberally and afford Plaintiff the benefit of the doubt, Objs. at 2 (citing *Hebbe v. Pliler*, 627 F. 3d 338, 342 (9th Cir. 2010)), and that, under this standard, "[D]efendants [should be] made to go forward and [be] made responsible for their actions." *Id.* at 3.

Plaintiff also filed a Sur-Reply, which contains specific objections to the R&R as to Defendant Ortega and Defendants Beltran and Madden. *See generally* Sur-Reply. Although Plaintiff improperly filed the Sur-Reply without Court permission, *see* Fed. R. Civ. P. 7(a)(7), the Court will consider Plaintiff's objections contained therein. In his Sur-Reply, Plaintiff objects to the R&R on two grounds. First, Plaintiff argues that, with regard to his deliberate indifference claim against Defendant Ortega, Defendant Ortega failed to establish that he gave Plaintiff "any real medical attention." Sur-Reply at 1–2. Further, Plaintiff contends that his injuries were severe enough that Defendant Ortega should have sent Plaintiff to an outside hospital for surgery and, by delaying Plaintiff's treatment, Defendant Ortega violated Plaintiff's constitutional rights. *Id.* at 2.

Second, Plaintiff objects to Magistrate Judge Major's recommendation to dismiss Plaintiff's claims against Defendants Beltran and Madden. *Id.* at 2–3. Plaintiff appears to argue that Defendants Beltran and Madden acted in concert with Defendant Ortega and, thus, Plaintiff has shown that they were deliberately indifferent. *Id.* at 2.

The Court will review, *de novo*, those parts of the R&R to which Plaintiff objects.

## III. Court's Analysis

### A. *Deliberate Indifference Claim Against Defendant Ortega*

Plaintiff contends that, contrary to the R&R, his TAC contains sufficient factual detail to show that Defendant Ortega violated his Eighth Amendment rights by failing to provide adequate medical care and that Defendant Ortega's delay in giving proper treatment contributed to Plaintiff requiring surgery. Objs. at 2; Sur-Reply at 2–3; *see also* TAC at 1.

An inmate has an Eighth Amendment right to adequate physical and mental health care. *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). "To establish unconstitutional treatment of a medical condition . . . a prisoner must show deliberate indifference to a 'serious' medical need." *Id.* (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A determination of deliberate indifference to a serious medical need involves a two-step analysis consisting of both objective and subjective inquiries. *Farmer*, 511 U.S. at 837. First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could "result in further significant injury" or "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent. *Id.* (citing *McGuckin*, 974 F.2d at 1059–60).

Deliberate indifference consists of (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. *Id.* Such indifference may be manifested when "prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians

provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). This standard is one of subjective recklessness. *Farmer*, 511 U.S. at 839–40. "To satisfy this subjective component of deliberate indifference, the inmate must show that prison officials 'kn[e]w [] of and disregard[ed]' the substantial risk of harm, but the officials need not have intended any harm to befall the inmate; 'it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (alterations in original) (quoting *Farmer*, 511 U.S. at 837, 842). "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

First, the Court agrees with Magistrate Judge Major that Plaintiff fails to meet the objective prong because Plaintiff fails to show a serious medical need. *See* R&R at 7–8. Although the Court previously found Plaintiff met this element in prior iterations of his complaint, *see, e.g.*, ECF No. 76 at 7–10, Plaintiff's TAC fails to specify the nature or severity of the injury or describe his medical need in any way. In its previous Order dismissing Plaintiff's second amended complaint, "the Court caution[ed] Plaintiff that should he choose to file a Third Amended Complaint, it must be complete by itself and that any claim . . . not re-alleged will be considered waived." ECF No. 86 at 12. Despite this warning, Plaintiff does not reallege details about his serious medical need in the TAC. *See generally* TAC. Therefore, Plaintiff fails to meet the objective prong.

Next, the Court must agree with Magistrate Judge Major's recommendation that, even if Plaintiff meets the objective prong, Plaintiff's TAC does not "demonstrate that Dr. Ortega was deliberately indifferent to Plaintiff's serious medical needs and thereby also fails the subjective element." R&R at 8. Although Plaintiff asserts that "the incident did in fact happen and we all have to recognize that fact," Sur Reply at 2, his allegations are conclusory and devoid of facts explaining how Defendant Ortega was deliberately indifferent. This is precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me

accusation" that the Supreme Court has held is insufficient under Federal Rule of Civil Procedure 8. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

As the Court noted in its previous Order, "the subjective element of deliberate indifference is a difficult standard; Plaintiff must show, by well-pled factual allegations, that Defendant Ortega knew of and disregarded a substantial risk of harm." ECF No. 86 at 7 (citing *Lemire*, 726 F.3d at 1074). Neither Plaintiff's TAC nor his objections address Defendant Ortega's subjective knowledge. At most, Plaintiff's allegations demonstrate that Defendant Ortega was responsible for his care; but the allegations do not plausibly show Defendant Ortega was subjectively aware of Plaintiff's condition but failed to provide adequate care. Accordingly, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the R&R as to Plaintiff's claims against Defendant Ortega.

### B.   *Claims Against Defendants Beltran and Madden*

The Court agrees with Magistrate Judge Major that Plaintiff's claims against Defendants Beltran and Madden must be dismissed because Plaintiff's TAC does not reassert his Eighth Amendment or Declaratory Judgment claims against Defendant Beltran and fails to reassert any claims against Defendant Madden. As noted above, the Court cautioned Plaintiff that, if he filed a third amended complaint, "it must be complete by itself and that any claim against any defendant not realleged will be considered waived." ECF No. 86 at 12. Despite this warning, Plaintiff failed to reallege the claims against Defendants Beltran and Madden.

Plaintiff's objections do not change the Court's conclusion. Plaintiff's allegation in his Sur-Reply that Defendants Madden and Beltran "acted in concert with Dr. Or[t]ega in the deliberat[e] indifference issue," Sur Reply at 2, does not change the fact that the TAC is completely devoid of any mention of either Defendants Beltran or Madden. *See generally* TAC. Even if the Court did consider the allegations in the Sur-Reply, Plaintiff fails to provide any facts to support his contention that Defendants Beltran and Madden, acting in concert with Defendant Ortega, knew of Plaintiff's serious medical need and were deliberately indifferent towards Plaintiff's medical condition. Accordingly, the Court

16-CV-84 JLS (BLM)

**OVERRULES** Plaintiff's objection and **ADOPTS** the R&R as to Plaintiff's claims against Defendants Madden and Beltran.

## IV. Leave to Amend

Finally, the Court agrees with Magistrate Judge Major's recommendation to deny leave to amend. When determining whether to grant leave to amend, Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave when justice so requires." However, leave to amend may be denied at the district court's discretion if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there is a strong showing that amendment would be futile because of Plaintiff's repeated failures to cure known deficiencies. Plaintiff has had four opportunities to re-plead his causes of action with sufficient factual allegations to state a claim for relief. After each iteration of the complaint, the Court has provided in-depth decisions explaining the basis for dismissal, yet Plaintiff still has failed to meet the required pleading requirements. Indeed, Plaintiff "has filed multiple complaints with similar factual allegations and each time has filed fewer factual allegations than the prior complaint." *See* ECF No. 86 at 12. This failure to correct identified deficiencies "is a strong indication that [Plaintiff has] no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)). Accordingly, the Court will **DENY** leave to amend.

///

///

///

///

///

16-CV-84 JLS (BLM)

1

## CONCLUSION

2    In light of the foregoing, the Court (1) **OVERRULES** Plaintiff's Objections (ECF

3  Nos. 95, 101); (2) **ADOPTS** the R&R in its entirety (ECF No. 93); and (3) **GRANTS**

4  Defendants' Motion and **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's

5  Third Amended Complaint (ECF No. 90).  This Order ends the litigation in this matter.

6  The Clerk of Court **SHALL** close the file.

7    **IT IS SO ORDERED.**

8  Dated:  March 22, 2019

9                                    Hon. Janis L. Sammartino
                                     United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16-CV-84 JLS (BLM)